**IN RE S.C.R.**

[198 N.C. App. 525 (2009)]

IN THE MATTER OF: S.C.R., A Minor Child

No. COA09-368

(Filed 4 August 2009)

**1. Appeal and Error— preservation of issues—failure to object—failure to raise constitutional issue at trial**

Although respondent father contends the trial court violated his right to due process in a termination of parental rights case by conducting the termination hearing less than nine months after petitioner took custody of the minor child, the Court of Appeals declined to address this issue because: (1) the record failed to show that respondent moved to continue the hearing or otherwise voiced an objection to the timing of the hearing; and (2) it is well settled that a constitutional issue not raised in the lower court will not be considered for the first time on appeal.

**2. Appeal and Error— preservation of issues—failure to give notice within ten days**

Although respondent father contends the trial court erred in a termination of parental rights case by failing to make findings of fact as required by N.C.G.S. § 7B-907(b) when it changed the permanent plan for the minor child to adoption, this assignment of error was overruled because respondent father failed to give notice within ten days of the hearing to preserve his right to appeal the trial court's findings and order which changed the permanent plan for the minor child to adoption.

**3. Constitutional Law— effective assistance of counsel—failure to show prejudice**

Respondent father did not receive ineffective assistance of counsel in a termination of parental rights case because a parent must establish he suffered prejudice in order to show that he was denied a fair hearing, and respondent did not make this showing.

**4. Termination of Parental Rights— failure to file a responsive pleading—failure to take necessary steps to establish paternity**

The trial court did not err by terminating respondent father's parental rights to the minor child because: (1) although both respondents contended the trial court erred in finding that neither party filed a responsive pleading to the motion to terminate parental rights, respondent father conceded in his brief that the

error in this finding of fact had no bearing upon the court's determination of the grounds upon which it terminated their parental rights; (2) although a father may have acted consistently with acknowledging his paternity, strict compliance with the four requirements under N.C.G.S. § 7B-1111(a)(5) was required in order for a father to prevent termination of his parental rights; (3) the trial court made findings as to the minor child's birth out-of-wedlock and respondent father's failure to take any of the four actions required by the statute in a timely fashion; and (4) in light of the Court of Appeals holding with respect to this ground of termination, respondent father's arguments regarding the remaining grounds for termination found by the trial court need not be addressed.

**5. Termination of Parental Rights— neglect—sufficiency of findings**

The trial court did not err by terminating respondent mother's parental rights on the basis of neglect because: (1) respondent did not complete participation in the drug treatment program, continually missed classes, failed to comply with attendance requirements, was terminated twice from the drug treatment program, and received positive drug screenings on multiple occasions; (2) the testimony of the supervisor of DSS's foster care unit indicated respondent failed to visit the minor child on a consistent basis; (3) the trial court found that the minor child was removed from respondent's care due to respondent's substance abuse, lack of employment, and failure to obtain stable housing, and these findings reflect consideration of evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect, and support a conclusion that the minor child was neglected at the time of the termination hearing; and (4) respondent's contentions that other grounds were unsupported by the findings of fact need not be addressed since grounds existed to terminate respondent's parental rights on the basis of neglect.

**6. Termination of Parental Rights— best interest of child— consideration of statutory factors**

The trial court did not err or abuse its discretion by finding that it was in the best interest of the minor child to terminate respondent mother's parental rights because: (1) the trial court's findings indicated it considered the age of the minor child, the desire of the foster parents to adopt the minor child, the nurtur-

IN RE S.C.R.

[198 N.C. App. 525 (2009)]

ing and affectionate relationship between the minor child and the foster parents, the strong bond between the minor child and her foster parents as compared to the lack of a bond between the minor child and respondents, the likelihood of adoption, and the consistency of adoption with the permanent plan; and (2) the trial court's findings reflected a reasoned decision based upon the statutory factors listed in N.C.G.S. § 7B-1110(a).

Judge WYNN concurring.

Appeal by respondents from order entered 17 December 2008 by Judge Spencer G. Key, Jr. in Stokes County District Court. Heard in the Court of Appeals 13 July 2009.

*J. Tyrone Browder for Stokes County Department of Social Services.*

*Pamela Newell Williams for Guardian ad Litem.*

*Charlotte Gail Blake for respondent-mother appellant.*

*Richard E. Jester for respondent-father appellant.*

BRYANT, Judge.

I.M.R.[1] (respondent-mother) and C.B.R. (respondent-father) appeal from an order entered 17 December 2008 terminating their parental rights to S.C.R. We affirm.

*Facts*

S.C.R. has continuously been in the custody of the Stokes County Department of Social Services (DSS) since 9 April 2008. Between the dates of 12 November 2007 and 18 January 2008, DSS received five separate protective services reports alleging that respondent-mother was using crack cocaine, marijuana, prescription medicine, and alcohol while acting as S.C.R.'s sole caregiver. One report also alleged that respondent-mother and her boyfriend, who is not S.C.R.'s father, were involved in a domestic violence incident in S.C.R.'s presence. Respondent-mother entered into safety plans in which she agreed to arrange for someone other than her boyfriend to be a safe and sober caretaker for S.C.R. before respondent-mother consumed drugs or alcohol.

---

1. Initials have been used throughout the opinion to protect the identity of the minor child.

IN RE S.C.R.

[198 N.C. App. 525 (2009)]

On 5 February 2008, DSS found S.C.R. to be at risk due to respondent-mother's substance abuse and domestic violence between respondent-mother and her boyfriend. On 9 April 2008, DSS received another child protective services report alleging law enforcement officers had found respondent-mother "passed out drunk." S.C.R. was in the sole care of respondent-mother's boyfriend at the time of the incident. Respondent-mother had been evicted from her residence and was temporarily residing with her grandmother. Respondent-father was incarcerated at the time of the incident.

On 14 May 2008, respondent-mother and respondent-father entered into a case plan with DSS. Respondent-mother agreed to obtain a psychological and parenting assessment and follow all recommendations; submit to random drug screens; attend and complete parenting classes; obtain and maintain employment for a minimum of six months; obtain and maintain suitable and safe housing; obtain a substance abuse assessment and follow all recommendations; obtain assessments for anger management and domestic violence and follow all recommendations; and pay child support. Respondent-father was incarcerated and scheduled to be released 1 July 2009. He agreed to continue AA and NA meetings while incarcerated and after his release, attend Father Accountability classes, and cooperate with child support enforcement to establish child support payments.

On 22 May 2008, the trial court adjudicated S.C.R. as neglected. The trial court ordered respondent-mother to obtain substance abuse treatment, obtain a psychological/parenting assessment and psychiatric evaluation, and submit to random drug screenings. Respondent-mother failed to complete any of the requirements of her case plan or the court's order with the exception of submitting to random drug screens. Respondent-mother enrolled in an outpatient substance abuse program on 17 April 2008. However, respondent-mother sporadically attended the daily sessions, resulting in her termination from the program in June 2008. Respondent-mother obtained readmission to the program on 10 July 2008 but was terminated again from the program on 27 October 2008. Respondent-mother tested positive for marijuana eight times during the months of July and August 2008. She tested positive for marijuana, "benzos," and cocaine on 22 October 2008 at her final drug screening prior to the termination of parental rights hearing.

Weekly visitations with S.C.R. were made available to respondent-mother from 15 April 2008 through 5 November 2008. Respondent-mother failed to attend eighteen out of twenty-nine

IN RE S.C.R.

[198 N.C. App. 525 (2009)]

scheduled visits. Respondent-mother failed to establish a permanent residence, and has lived with various friends and relatives in nine different locations since April 2008. Respondent-mother neither established employment nor paid any money to support S.C.R.

From 14 February 2007 through the date of the termination hearing, respondent-father was incarcerated on a cocaine trafficking conviction. Respondent-father's scheduled release date was 3 July 2009. While incarcerated, respondent-father worked for the Department of Transportation, earning seventy cents per day. He also worked in a canteen earning one dollar per day. Respondent-father did not pay any child support or purchase anything for S.C.R. Respondent-father wrote letters to S.C.R. and has approximately thirty photos of S.C.R. Prior to DSS taking custody of S.C.R., respondent-father's parents brought S.C.R. to visit him while he was incarcerated. After custody of S.C.R. was awarded to DSS, respondent-father was only able to visit S.C.R. during court hearings.

Prior to DSS's filing of the motion to terminate parental rights on 19 August 2009, respondent-father had taken no action to (1) establish paternity judicially or by affidavit filed in a central registry maintained by the Department of Health and Human Services (DHHS), (2) legitimate S.C.R. pursuant to N.C. Gen. Stat. § 49-10 or to file a petition for this specific purpose, (3) legitimate S.C.R. by marriage to S.C.R.'s mother, or (4) provide substantial financial support or consistent care of S.C.R. and her mother. After DSS filed the petition to terminate parental rights, respondent-father filed an affidavit of parentage signed by respondent-father and respondent-mother respectively.

On 25 June 2008, the trial court ceased reunification efforts with respondent-mother and respondent-father, and on 24 July 2008, changed the permanent plan for S.C.R. to adoption with a concurrent plan of reunification.

Based upon its findings of fact, the trial court concluded that respondent-mother's parental rights may be terminated on the grounds that S.C.R. is neglected and dependent. The trial court concluded that respondent-father's parental rights may be terminated on the grounds that S.C.R. is neglected, and respondent-father had not taken any of the permissible actions to establish paternity or otherwise legitimate S.C.R. prior to the filing of the motion to terminate parental rights on 19 August 2008. By a separate disposition order, the court concluded that it is in the best interest of S.C.R. that respond-

**IN RE S.C.R.**

[198 N.C. App. 525 (2009)]

ent-mother's and respondent-father's parental rights be terminated. Respondent-mother and respondent-father appeal.

On appeal respondent-father argues: (I) the trial court's proceeding to termination of his parental rights violated his due process rights because the time period between DSS taking custody of S.C.R. and termination of his rights was less than nine months; (II) he received ineffective assistance of counsel; (III) the trial court erred by failing to make required findings when changing the permanent plan to adoption; and (IV) the trial court erred in terminating his parental rights.

Respondent-mother argues the trial court erred by: (I) finding grounds existed to terminate her parental rights based upon a finding of neglect; (II) by finding and concluding that grounds existed to terminate her parental rights on the basis of dependency because the trial court failed to make adequate findings of fact; and (III) by finding it was in S.C.R.'s best interest to terminate respondent-mother's parental rights.

*Respondent-Father's Appeal*

*I*

**[1]** Respondent-father argues that the trial court's conducting the termination hearing less than nine months after petitioner took custody of S.C.R. violated his right to due process. We note that the record fails to show that respondent-father moved to continue the hearing or otherwise voiced an objection to the timing of the hearing. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2007). Moreover, it is well settled that a constitutional issue not raised in the lower court will not be considered for the first time on appeal. *State v. Benson*, 323 N.C. 318, 321-22, 372 S.E.2d 517, 519 (1988). We therefore decline to address this issue.

*II & III*

**[2]** Respondent-father next contends the trial court erred by failing to make findings of fact as required by N.C. Gen. Stat. § 7B-907(b) when it changed the permanent plan for S.C.R. to adoption. Respondent-father also contends he was denied effective assistance of counsel because of his counsel's failure to raise the issue during the termination proceedings. We disagree.

**IN RE S.C.R.**

[198 N.C. App. 525 (2009)]

Pursuant to N.C. Gen. Stat. § 7B-507(c), "any hearing at which the court finds and orders that reasonable efforts to reunify a family shall cease, the affected parent . . . may give notice to preserve the parent['s] right to appeal the finding and order in accordance with G.S. 7B-1001(a)(5)." N.C. Gen. Stat. § 7B-507(c) (2007). "Notice may be given in open court or in writing within 10 days of the hearing at which the court orders the efforts to reunify the family to cease." *Id.* In the present case, respondent-father failed to give notice within ten days of the hearing to preserve his right to appeal the trial court's findings and order which changed the permanent plan for S.C.R. to adoption. Therefore, this assignment of error is overruled.

[3] Respondent-father claims he received ineffective assistance of counsel. A parent in a termination of parental rights proceedings has the right to counsel. N.C. Gen. Stat. § 7B-1101.1(a) (2007). This right to counsel also includes the right to effective assistance of counsel. *In re Oghenekevebe,* 123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996). To successfully establish that counsel's assistance was ineffective, a parent must show: (1) [his] counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) [his] attorney's performance was so deficient [he] was denied a fair hearing. *Id.* A parent must also establish he suffered prejudice in order to show that he was denied a fair hearing. *In re L.C.,* 181 N.C. App. 278, 283, 638 S.E.2d 638, 641, *disc. review denied,* 361 N.C. 354, 646 S.E.2d 114 (2007). Respondent-father has not made this showing. Therefore, this contention is overruled.

*IV*

[4] Respondent-father contends the trial court erred by terminating his parental rights to S.C.R. We disagree.

" 'The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law.' " *In re Shepard,* 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (quoting *In re Clark,* 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984)), *disc. review denied, In re D.S.,* 358 N.C. 543, 599 S.E.2d 42 (2004). If the trial court's findings of fact "are supported by ample, competent evidence, they are binding on appeal, even though there may be evidence to the contrary." *In re Williamson,* 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988). "[I]t is the duty of the trial judge to consider and weigh all of the competent evidence, and to determine the credibility of the witnesses and the weight to be given their testi-

mony." *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). Additionally, the trial court's findings of fact to which an appellant does not assign error are conclusive on appeal and binding on this Court. *In re J.D.S.*, 170 N.C. App. 244, 250-51, 612 S.E.2d 350, 354-55, *cert. denied*, 360 N.C. 64, 623 S.E.2d 584 (2005).

Termination of parental rights is a two-step process involving an adjudicatory stage and a dispositional stage. *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). At the adjudicatory stage, the petitioner must show by clear, cogent and convincing evidence that a statutory ground to terminate exists. *Id.* If the trial court determines that grounds for termination exist, the trial court must proceed to the dispositional stage where it determines whether terminating parental rights is in the best interest of the juvenile. *Id.*; *see also* N.C. Gen. Stat. § 7B-1110(a) (2007).

We first note both respondent-father and respondent-mother contend the trial court erred in finding that neither party filed a responsive pleading to the motion to terminate parental rights. The parties' contentions are not without merit because the record shows that both respondent-mother and respondent-father did in fact file responses to the motion. However, as respondent-father concedes in his brief, the error in this finding of fact has no bearing upon the court's determination of the grounds upon which it terminated respondent-mother or respondent-father's parental rights. The error, therefore, is harmless.

Respondent-father contends the trial court erred by terminating his parental rights on the basis that he failed to legitimate S.C.R. prior to the filing of the motion to terminate his parental rights.

Pursuant to N.C. Gen. Stat. § 7B-1111(a)(5), the trial court may terminate a father's parental rights if it finds:

The father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights:

a. Established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Health and Human Services; provided, the court shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and shall incorporate into the case record the Department's certified reply; or

b. Legitimated the juvenile pursuant to provisions of G.S. 49-10 or filed a petition for this specific purpose; or

c. Legitimated the juvenile by marriage to the mother of the juvenile; or

d. Provided substantial financial support or consistent care with respect to the juvenile and mother.

N.C. Gen. Stat. § 7B-1111(a)(5) (2007). Although a father may have "acted consistently with acknowledging his paternity," strict compliance with the foregoing four requirements is required in order for a father to prevent termination of his parental rights. *A Child's Hope, LLC v. Doe*, 178 N.C. App. 96, 105, 630 S.E.2d 673, 678 (2006). Here, the trial court made findings as to S.C.R.'s birth out-of-wedlock and respondent-father's failure to take any of the four actions required by the statute in a timely fashion. We hold these findings support the trial court's conclusion.

In light of our holding with respect to this ground of termination, we need not address respondent-father's arguments regarding the remaining grounds for termination found by the trial court. N.C. Gen. Stat. § 7B-1111(a) (2007) ("The court may terminate the parental rights upon a finding of one or more of the following [grounds.]"). *See also In re D.B.*, 186 N.C. App. 556, 561, 652 S.E.2d 56, 60 (2007) ("Where a trial court concludes that parental rights should be terminated pursuant to several of the statutory grounds, the order of termination will be affirmed if the court's conclusion with respect to any one of the statutory grounds is supported by valid findings of fact."), *aff'd per curiam*, 362 N.C. 345, 661 S.E.2d 734 (2008).

### Respondent-Mother's Appeal

#### I

[5] Respondent-mother contends the trial court erred by terminating her parental rights on the basis of neglect because the findings of fact regarding her involvement with the outpatient drug treatment program, her drug screens, and visits with S.C.R. are inadequate and are not supported by clear, cogent, and convincing evidence. We disagree.

A proceeding to terminate parental rights consists of an adjudication stage and a disposition stage. *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984). During the adjudication phase, the petitioner must show by clear, cogent, and convincing evidence the existence of a statutory ground authorizing the termination of

parental rights. *In re Young*, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997). "Upon determining that one or more of the grounds for terminating parental rights exist, the court moves to the disposition stage to determine whether it is in the best interests of the child to terminate the parental rights." *Id.* at 247, 485 S.E.2d at 615. "A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. 7B-1111 is sufficient to support a termination." *In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003). The appellate court reviews the order to determine whether the findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusion of law. *In re Shepard*, 162 N.C. App. at 221, 591 S.E.2d at 6.

After careful review of the record, we hold the trial court's findings were supported by clear, cogent, and convincing evidence. The finding regarding respondent-mother's incomplete participation in the drug treatment program is supported by a report which showed respondent-mother continually missed classes and failed to comply with attendance requirements. The evidence shows that respondent-mother was terminated twice from the drug treatment program and she received positive drug screenings on multiple occasions. Additionally, the testimony of Marsha Marshall, supervisor of DSS's foster care unit, indicated respondent-mother failed to visit S.C.R. on a consistent basis. Ms. Marshall testified that of the twenty-nine visitations scheduled between 15 April 2008 and 5 November 2008, respondent-mother attended only ten. The trial court's findings were supported by clear, cogent, and convincing evidence. Therefore, this assignment of error is overruled.

Respondent-mother also contends the trial court's order terminating her parental rights on the basis of neglect is deficient because the trial court failed to find or to conclude that there was a reasonable probability that neglect was likely to recur. We disagree.

A neglected juvenile is one

who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2007). "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect

**IN RE S.C.R.**

[198 N.C. App. 525 (2009)]

at the time of the termination proceeding." *In re Young*, 346 N.C. at 248, 485 S.E.2d at 615 (1997). "[A] prior adjudication of neglect may be admitted and considered by the trial court in ruling upon a later petition to terminate parental rights on the ground of neglect." *In re Ballard*, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984). If the child is removed from the parent before the termination hearing, then "the trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect." *Id.* at 715, 319 S.E.2d at 232.

S.C.R. was removed from respondent-mother's care because of respondent-mother's substance abuse, lack of employment, and failure to obtain stable housing. The evidence and the trial court's findings show that respondent-mother continued to engage in substance abuse, having repeatedly and continuously tested positive for illegal substances while S.C.R. was no longer in her care, and did so as recently as 22 October 2008, less than one month prior to the termination hearing. Respondent-mother also failed to complete a substance abuse treatment program. Respondent-mother has still failed to obtain employment or find stable housing. The trial court's findings reflect consideration of "evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect" and support a conclusion that S.C.R. was neglected at the time of the termination hearing. Therefore, this assignment of error is overruled.

## II

Because we have found that grounds existed to terminate respondent-mother's parental rights on the basis of neglect, we need not address respondent-mother's contentions that other grounds were unsupported by the findings of fact. *See In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005) (quoting *In re Clark*, 159 N.C. App. 75, 78 n3, 582 S.E.2d 657, 659 n3 (2003)), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006) ("[W]here the trial court finds multiple grounds on which to base a termination of parental rights, and 'an appellate court determines there is at least one ground to support a conclusion that parental rights should be terminated, it is unnecessary to address the remaining grounds.' ").

## III

[6] Lastly, respondent-mother contends the trial court erred and abused its discretion by finding it in the best interest of S.C.R. to terminate respondent-mother's parental rights. We disagree.

Upon finding the existence of a ground to terminate one's parental rights, a court must then decide whether termination of parental rights is in the best interest of the child. N.C. Gen. Stat. § 7B-1110(a) (2007); *In re Blackburn*, 142 N.C. App. at 610, 543 S.E.2d at 908. The decision is within the discretion of the trial court and may be reviewed only for an abuse of discretion. *In re Shermer*, 156 N.C. App. 281, 285, 576 S.E.2d 403, 406-07 (2003). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so *arbitrary* that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Factors the trial court considers in determining whether terminating parental rights would be in the child's best interest include:

(1) The age of the juvenile.

(2) The likelihood of adoption of the juvenile.

(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.

(4) The bond between the juvenile and the parent.

(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2007).

In the present case, the trial court's findings indicate it considered the age of S.C.R., the desire of the foster parents to adopt S.C.R., the nurturing and affectionate relationship between S.C.R. and the foster parents, the strong bond between S.C.R. and her foster parents as compared to the lack of a bond between S.C.R. and respondent-mother and respondent-father, the likelihood of adoption, and the consistency of adoption with the permanent plan. The trial court's findings thus reflect a reasoned decision based upon the statutory factors listed in N.C.G.S. § 7B-1110(a). The trial court did not abuse its discretion in determining it would be in the best interest of S.C.R. to terminate respondent-mother's parental rights. Therefore, this assignment of error is overruled.

For the foregoing reasons, the adjudication and disposition orders are affirmed.

**IN RE S.C.R.**

[198 N.C. App. 525 (2009)]

Affirmed.

Judge STEELMAN concurs.

Judge WYNN concurs in a separate opinion.

WYNN, Judge, concurring.

I am compelled to join in affirming the termination of the Father's parental rights on the grounds that he had failed to legitimate the child in any of the ways required under N.C. Gen. Stat. § 7B-1111(a)(5). *A Child's Hope, LLC v. Doe*, 178 N.C. App. 96, 105-06, 630 S.E.2d 673, 678 (2006). In *Child's Hope, LLC*, however, Judge Jackson wrote a poignant dissent opining that DSS had failed to prove by clear and convincing evidence that the father had not provided "consistent care with respect to the juvenile and mother," *see* N.C. Gen. Stat. § 7B-1111(a)(5)(d), because the evidence showed that he had been misled about the pregnancy and undertaken substantial efforts to provide care upon learning about the child and his paternity. *See Doe*, 178 N.C. App. at 108-09, 630 S.E.2d at 680. Though that dissent offered an appeal as a matter of right to our Supreme Court, the matter was not appealed.

Nonetheless, the trial court's findings of fact were sufficient to support termination of the father's parental rights based on a finding of neglect. The findings that the father paid no child support although he earned a meager sum, was incarcerated twice for drug convictions, and ceased attending parenting classes while incarcerated as required by his case plan, support the conclusion that he did not, and would not in the future, provide the necessary care and supervision to the child. Thus, rather than rely upon the ground that the father did not legitimate the child, I would instead uphold termination of his parental rights on the ground that he neglected the child.