CALABRIA, Judge.
Respondent-mother ("Respondent") appeals from an order terminating her parental rights to her minor child, B.B.M.B. ("Blair")[1] on the ground of neglect. Blair's father is not a party to this appeal. We affirm.
On 30 July 2012, the Harnett County Department of Social Services found Blair's family to be in need of services due to an injurious environment. Respondent used and was under the influence of controlled substances in Blair's presence. A Family Services Agreement was developed with Respondent to address substance abuse, supervision, and parenting issues. In addition, Respondent was to complete a psychological evaluation and comply with recommendations. Respondent and Blair subsequently moved to Johnston County.
On 28 August 2012, the Johnston County Department of Social Services ("DSS") filed a juvenile petition alleging neglect and dependency after a domestic violence incident involving Blair's maternal great-grandmother assaulting an 18-year-old relative with a metal pole in Blair's presence. Blair was subsequently placed in DSS custody. At a nonsecure custody hearing on 5 September 2012, DSS agreed that Blair could be returned to Respondent's care, since Respondent had located housing with her maternal great-aunt and agreed to comply with the Family Services Agreement. On 17 October 2012, the trial court adjudicated Blair neglected and dependent, but she remained in Respondent's custody with DSS continuing to provide services to Respondent and Blair. However, by 26 August 2013, the trial court placed Blair in DSS custody again.
After a permanency planning hearing on 15 January 2014, the trial court determined that Respondent failed to resolve her substance abuse, supervision, and parenting issues, as well as the safety issues that led to DSS involvement and Blair's removal from the home. As a result of Respondent's failure to comply, Blair remained in DSS custody, with placement in foster care. The trial court changed Blair's permanent plan to adoption. The trial court found that although Respondent desired DSS to resume reunification efforts, she had not shown any improvement since DSS had started providing services in 2012. Both Respondent and Blair's father consented to the court's permanency planning order.
On 20 March 2014, DSS filed a petition for termination of parental rights ("TPR"). DSS alleged, as grounds for termination, that both parents neglected Blair, that neither parent had improved their parenting ability to care for Blair since her removal, and that there was a probability of repetition of neglect if Blair were returned to their custody. On 2 April 2014, the Johnston County Sheriff's Department served Respondent with the TPR petition. On 21 April 2014, Ms. Charlene Nelson ("Ms.Nelson"), Respondent's attorney, filed an answer to the TPR petition on Respondent's behalf.
On 11 June 2014, the trial court granted Ms. Nelson's motion to withdraw as Respondent's attorney. The trial court appointed Mr. Robert Pleasant ("Mr.Pleasant") as Respondent's attorney. On 25 June 2014, the day of the TPR hearing, Respondent was present and Mr. Pleasant sought and received a continuance of the TPR hearing to allow him time to prepare. The trial court continued the TPR hearing with the consent of the parties until 23 July 2014, and the Johnston County Assistant Clerk of Court sent Respondent a copy of the written notice.
On 23 July 2014, Respondent failed to appear for the TPR hearing. Mr. Pleasant was surprised that Respondent was not present. Although his contact with Respondent was limited to telephone and text messages, Mr. Pleasant notified Respondent that the TPR hearing was scheduled for 23 July 2014. Mr. Pleasant asserted he did not have an opportunity to discuss the case with his client. A week prior to the hearing, Respondent's phone was out of service. Mr. Pleasant was unaware of the reason for Respondent's absence and was also unable to contact her. Therefore, he requested a continuance on Respondent's behalf. The attorney for Blair's father did not object to Mr. Pleasant's motion to continue the hearing. However, the attorney for the guardian ad Litem("GAL") objected to the motion, asserting that Respondent had actual notice of the TPR.
The trial court considered the facts asserted by Mr. Pleasant. However, the trial court denied the continuance because more than 90 days had passed since the TPR petition had been filed and Mr. Pleasant did not present any extraordinary circumstances to the trial court to support a continuance. On 10 September 2014, the trial court ordered the termination of both parents' parental rights. Only Respondent appeals.
Respondent's sole argument on appeal is that the trial court abused its discretion by denying Respondent's motion to continue the TPR hearing. We disagree.
"A trial court's decision regarding a motion to continue is discretionary and will not be disturbed on appeal absent a showing of abuse of discretion. Continuances are generally disfavored, and the burden of demonstrating sufficient grounds for continuation is placed upon the party seeking the continuation." In re J.B.,172 N.C.App. 1, 10, 616 S.E.2d 264, 270 (2005) (internal citation omitted). An abuse of discretion occurs when the trial court's decision is "manifestly unsupported by reason." In re R.B.B.,187 N.C.App. 639, 648, 654 S.E.2d 514, 521 (2007), disc. review denied,362 N.C. 235, 659 S.E.2d 738 (2008). "If the trial court's findings of fact are supported by ample, competent evidence, they are binding on appeal, even though there may be evidence to the contrary." In re S.C.R.,198 N.C.App. 525, 531, 679 S.E.2d 905, 909 (2009) (citation omitted).
The North Carolina Juvenile Code provides for continuances of TPR proceedings in two circumstances:
The court may for good cause shown continue the hearing for up to 90 days from the date of the initial petition in order to receive additional evidence including any reports or assessments that the court has requested, to allow the parties to conduct expeditious discovery, or to receive any other information needed in the best interests of the juvenile. Continuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice, and the court shall issue a written order stating the grounds for granting the continuance.
N.C. Gen.Stat. § 7B-1109(d) (2013) ; see alsoN.C. Gen.Stat. § 7B-803 (2013).
In the instant case, the petition to terminate parental rights was filed on 20 March 2014. The trial court granted Respondent a continuance on 25 June 2014, because the court had appointed substitute trial counsel for Respondent two weeks earlier. The termination hearing was held on 23 July 2014, 125 days after the filing of the petition. Therefore, in order to obtain a continuance on the day of the hearing, Respondent was required to show that there were extraordinary circumstances for the trial court to grant a continuance, and that the continuance was necessary for the proper administration of justice. N.C. Gen.Stat. § 7B-1109(d) (2013).
"When ... a parent is absent from a termination proceeding and the trial court preserves the adversarial nature of the proceeding by allowing the parent's counsel to cross examine witnesses ... the parent must demonstrate some actual prejudice in order to prevail upon appeal." In re Murphy,105 N.C.App. 651, 658, 414 S.E.2d 396, 400, aff'd per curiam,332 N.C. 663, 422 S.E.2d 577 (1992). However, "[w]e decline to find that parental absence, without more, constitutes extraordinary circumstances necessitating a continuance[.]" In re D.W.,202 N.C.App. 624, 627, 693 S.E.2d 357, 359 (2010). "Where the lack of preparation for trial is due to a party's own actions, the trial court does not err in denying a motion to continue." In re Bishop,92 N.C.App. 662, 666, 375 S.E.2d 676, 679 (1989). Generally, findings of extraordinary circumstances indicate that the continuance is required to avoid prejudice to the respondent due to circumstances that are not of the respondent's own making. See In re D.W.,202 N.C.App. at 629, 693 S.E.2d at 360 (finding abuse of discretion in denial of motion to continue when respondent suffered from mental disability, there was no evidence that notice was given, and from whom the trial court could hear testimony directly addressing the ultimate issue at trial); see In re T.M.,180 N.C.App. 539, 545, 638 S.E.2d 236, 240 (2006) (continuance granted for receipt of additional reports from psychological experts necessary to resolve issue of neglect); but see In re C.J.H.,--- N.C.App. ----, ----, 772 S.E.2d 82, 87 (2015) (no extraordinary circumstances where father agreed to take job in Tennessee despite awareness that job interfered with hearing date, and father waited until matter was called for hearing to make motion to continue).
At the TPR hearing, Respondent's trial counsel moved to continue the proceedings because Respondent did not appear. Mr. Pleasant stated that he had notified Respondent of the date of the termination hearing and that he was surprised she was not present at the hearing. Mr. Pleasant further stated that Respondent had never given him a mailing address and he had only been able to communicate with her by telephone, but that her phone number had not been in service for the past week. Counsel had expected Respondent to be present at the hearing and was unaware of the reason for Respondent's absence. Counsel for the GAL opposed a continuance, noting that Respondent had also failed to appear at another hearing that was held on 9 July 2014, and that the TPR hearing had already exceeded the 90 day statutory requirement from the date the initial petition had been filed.
The trial court denied the motion, stating in open court that the change of counsel did not appear to be a factor in the request for a continuance and that, based on the information provided by counsel, the court could not find that extraordinary circumstances existed to justify a continuance. The court also included the denial of Respondent's motion to continue in its order terminating her parental rights. The trial court's finding that Respondent was properly notified of the hearing but did not attend is supported by Mr. Pleasant's statement that he had personally notified her of the hearing date. Respondent's arguments that her counsel was unprepared to proceed at the hearing are entirely speculative and not supported by the record, as counsel never suggested that he was not prepared to proceed. On the contrary, Respondent's counsel preserved the adversarial nature of the hearing. He took an active part in the hearing, objected to testimony, cross-examined witnesses, and presented cogent arguments to the trial court. Therefore, Mr. Pleasant adequately represented Respondent's interests. Moreover, any lack of preparation incurred by Respondent's counsel would appear to be due to Respondent's failure to remain in contact with him, and cannot constitute the grounds for extraordinary circumstances. See In re Bishop,92 N.C.App. at 666, 375 S.E.2d at 679.
The trial court denied Respondent's motion to continue because "the [c]ourt found no good cause for delaying the hearing due to the Respondent Parents' absence for which no reasonable excuse was provided." Furthermore, since Respondent has not shown that her presence at the hearing would have made the termination of her parental rights less likely, Respondent is unable to show that she suffered any prejudice. See In re Murphy,105 N.C.App. at 658, 414 S.E.2d at 400. We conclude that the trial court's findings of fact are supported by ample, competent evidence. Therefore, the trial court's findings are binding on appeal and supported by reason. We hold that the trial court did not abuse its discretion in denying Respondent's motion to continue. Accordingly, this argument is overruled.
We note that Respondent also argues that the trial court's refusal to allow the requested continuance violated her constitutional right to due process. Since this issue was not raised at the trial court when the motion was argued, it will not be considered for the first time on appeal. See In re S.C.R.,198 N.C.App. at 530, 679 S.E.2d at 908 (2009) ("[I]t is well settled that a constitutional issue not raised in the lower court will not be considered for the first time on appeal."). Respondent did not present any other challenges to the trial court's order terminating her parental rights to the juvenile. The order is affirmed.
AFFIRMED.
Chief Judge McGEE and Judge HUNTER, JR., ROBERT N. concur.
Report per Rule 30(e).
Opinion
Appeal by respondent-mother from order entered 10 September 2014 by Judge Paul A. Holcombe, III in Johnston County District Court. Heard in the Court of Appeals 29 June 2015.

We use a pseudonym to protect the juvenile's identity and for ease of reading.