McCULLOUGH, Judge.
Respondent appeals from orders adjudicating her two sons, D.R. ("David") and B.N. ("Brian")[1] , as neglected juveniles and leaving them in the custody of McDowell County Department of Social Services ("DSS"). For reasons explained herein, we affirm the orders.
I. Background
On 13 December 2013, DSS filed juvenile petitions alleging that David, then age five years, and his half-brother Brian, then age nineteen months, were neglected and dependent juveniles due to domestic violence and substance abuse by the parents. The court placed them in the nonsecure custody of DSS on the same date. The court ultimately held an adjudication and disposition hearing on 25 February 2014. The court adjudicated the juveniles as neglected and continued custody with DSS. At a permanency planning hearing on 5 February 2015, the court restored full custody of both juveniles to respondent and Brian's father.
On 15 December 2015, DSS filed new petitions alleging that David and Brian were neglected juveniles based upon reports in September and December 2015 of sexual abuse, substance abuse by the parents, and domestic violence in the home. After two continuances, the court ultimately held a hearing on 13 June 2016. The court filed the subject orders with regard to each child on 27 July 2016 in which it made findings of fact regarding the child protective services history with the children, including the earlier adjudication and the return of the children to the parents' home.
The court also made findings in each order regarding events that occurred subsequent to the return of the child to the home in February 2015. These include: (1) in September 2015, Burke County Department of Social Services received a report that resulted in the children being placed in a safety resource placement with their maternal grandmother; (2) respondent and Brian's father have continued to experience issues with substance abuse and domestic violence; (3) after the maternal grandmother became unable to keep the children, respondent was allowed to take them home with her on 15 December 2015 based upon her statements that she "had not used methamphetamine for two days" and that she wished to "go to detox"; (4) Brian's father had pending charges of possession of methamphetamine; (5) the minor children tested positive for methamphetamines; (6) Brian's father resided with respondent and the boys in the days prior to the filing of the new petition in violation of a domestic violence protective order prohibiting Brian's father from contacting them; and (7) David's father was incarcerated from 2008 to September 2015 due to charges related to controlled substances.
In the disposition and permanency planning portion of each order, the court found, inter alia , that the children are doing well in their foster home placement, that respondent has a history of substance abuse and domestic violence dating back to 2011, that respondent is unemployed and living in a camper, and that respondent failed to seek and obtain substance abuse treatment or services related to domestic violence, continued to have contact with Brian's father in violation of the domestic violence protective order, failed to complete parenting classes, and missed five of eighteen scheduled visits with the children. The court adopted the recommendations of DSS and the guardian ad litem that (1) the permanent plan for the older child be set as adoption with the secondary plan of reunification with his father, (2) the permanent plan for the younger child be set as adoption with a secondary plan of guardianship, and (3) DSS be relieved of reunification efforts with the parents. The court concluded that it is in the best interests of each child that they remain in the custody of DSS as the permanent plans are implemented.
Respondent appealed from the orders on 27 July 2016.
II. Discussion
"The allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2015). A juvenile is neglected if he does not receive proper care, supervision, or discipline from his parent or lives in an environment injurious to his welfare. N.C. Gen. Stat. § 7B-101(15) (2015). If a juvenile court concludes that a juvenile is neglected, it then formulates a disposition that is in the best interests of the juvenile. N.C. Gen. Stat. § 7B-901(a) (2015). We review the lower court's adjudication to determine whether the (1) findings of fact are supported by clear and convincing evidence, and (2) legal conclusions are supported by the findings of fact. In re Pittman , 149 N.C. App. 756, 763-64, 561 S.E.2d 560, 566, appeal dismissed and disc. review denied , 356 N.C. 163, 568 S.E.2d 608-609 (2002), cert. denied, Harris-Pittman v. Nash County Department of Social Services , 538 U.S. 982, 155 L.Ed. 2d 673 (2003). We review a disposition to determine whether the trial court abused its discretion in making its determination of the child's best interests. In re C.W. , 182 N.C. App. 214, 219, 641 S.E.2d 725, 729 (2007).
Respondent contends that findings of fact numbers 8, 19, and 20 in each order are not supported by clear and convincing evidence, and that the findings of fact do not support the conclusion of law that the juveniles are neglected. Finding of fact number 8 states that the child and respondent have been citizens and residents of McDowell County, North Carolina for a period of at least six months prior to the filing of the petition. Respondent argues this finding is incorrect because the evidence showed that she and the children were actually residing in Burke County, North Carolina during that time frame. Finding of fact number 19 states that Brian's father contacted the child and respondent in violation of a domestic violence protective order. Respondent submits that this finding is unsupported by evidence because the domestic violence protective order was not introduced or admitted into evidence. Finding of fact number 20 states that the child is neglected pursuant to N.C. Gen. Stat. § 7B-101(15) in that the child does not receive proper care and resides in an environment injurious to his welfare. She argues this finding is actually a conclusion of law instead of a finding of fact. She submits that the conclusion of law that the children are neglected juveniles is not supported by the findings of fact because they fail to address circumstances at the time of the hearing and the likelihood of repetition of neglect if the children were to be placed back into the home.
Regarding finding of fact number 8, we note that whether the children resided in Burke County or McDowell County is immaterial or irrelevant to the ultimate issue of whether they received proper care, supervision or discipline, or lived in a safe environment. Regarding finding of fact number 19, we conclude the finding is supported by the testimony of the social worker and other evidence although the actual domestic violence protective order was not admitted into evidence. Furthermore, even if these findings were incorrect, an adjudication order will not be reversed if ample other findings support the court's adjudication. In re T.M. , 180 N.C. App. 539, 547, 638 S.E.2d 236, 240 (2006). We agree with respondent that finding of fact number 20 is actually a conclusion of law and we address it accordingly.
The court "found" in finding of fact number 20 and in conclusion of law number 2 of each order that each child is a neglected juvenile pursuant to N.C. Gen. Stat. § 7B-101(15) in that he did not receive proper care or supervision from respondent and resided in an environment injurious to his welfare. In determining whether a child is neglected at the original adjudication, the court considers whether the child sustained some injury or harm, either mental, physical, or emotional, or is at substantial risk of such physical, mental, or emotional impairment, as a result of the parent's failure to provide proper care or supervision. In re Safriet , 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-902 (1993). Whether the child is "neglected" within these parameters is a conclusion of law that must be supported by adequate findings of fact proved by clear and convincing evidence. In re McLean , 135 N.C. App. 387, 390, 521 S.E.2d 121, 123 (1999).
Citing In re S.C.R. , 198 N.C. App. 525, 535, 679 S.E.2d 905, 911 (2009), respondent argues that conclusion of law number 2 is not supported by the findings of fact because the court failed to consider the likelihood of repetition of neglect if the children were to be returned to respondent's home. But respondent's citation to In re S.C.R. is inapposite because that case, and the cases upon which the decision relied, involved termination of parental rights after a prior adjudication of neglect and the parent did not have custody of the child.
The findings of fact at bar show that the respondent has a history of substance abuse and domestic violence, and that respondent and Brian's father continued to have those issues at the time of the hearing. At the time of the filing of the petition, Brian's father had pending charges of possession of methamphetamine. Respondent's statement that she had not used methamphetamine for two days is a tacit admission that she had recently been abusing the substance. The children themselves tested positive for methamphetamines. Brian's father had contact with the children and respondent in violation of a domestic violence protective order, and the parents had contact with the children in violation of a safety assessment. Based upon these findings, a court may reasonably conclude that the children are not receiving proper care or discipline from their parents and are residing in an environment injurious to their welfare.
Respondent next contends that the court erred by finding and concluding that it is in the best interests of the minor children to cease reunification efforts and suspend visitation. At a permanency planning review hearing, the court is required to make a written finding of fact, if relevant, as to:
[w]hether efforts to reunite the juvenile with either parent clearly would be unsuccessful or inconsistent with the juvenile's health or safety and need for a safe, permanent home within a reasonable period of time.... If the court determines efforts would be unsuccessful or inconsistent, the court shall consider other permanent plans of care for the juvenile pursuant to [N.C. Gen. Stat. §] 7B-906.2.
N.C. Gen. Stat. § 7B-906.1(d)(3) (2015). In relieving DSS of reunification efforts in this case, the court found that reunification efforts would be unsuccessful or inconsistent with each juvenile's health or safety and need for a safe, permanent home, and would not be in the child's best interest "as the minor child has been in foster care before, respondent mother is not engaged in services and the minor child needs stability." This ultimate finding of fact is supported by other disposition findings of the court indicating that respondent has had a history of child protective services involvement due to issues with substance abuse and domestic violence since 2011, that she has continued to be involved in incidents of domestic violence, that she has not successfully completed substance abuse treatment as she is unable to maintain sobriety, that she has not sought or obtained services related to domestic violence, that she has continued to have contact with a perpetrator of domestic violence despite domestic violence protective orders, and that she has failed to complete parenting classes. We thus conclude the court did not err by finding that reunification efforts would be futile based upon respondent's history and prolonged failure to overcome the issues that resulted in the separation of her children from her custody.
"An order that removes custody of a juvenile from a parent ... shall provide for appropriate visitation as may be in the best interests of the juvenile consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905.1(a) (2015). Thus, a court is allowed to deny visitation if the court determines that visitation is not in the juvenile's best interest. "We review a trial court's determination regarding the best interests of [a] juvenile under an abuse of discretion standard." In re J.B. , 172 N.C. App. 1, 24, 616 S.E.2d 264, 278 (2005). Accordingly, we will not disturb a decision to terminate visitation if it is the product of a reasoned decision. In re C.M. , 183 N.C. App. 207, 215, 644 S.E.2d 588, 595 (2007). We conclude that the same findings that support the court's decision to cease reunification efforts also support the decision to suspend visitation. We thus find no abuse of discretion.
III. Conclusion
For the reasons discussed above, the trial court's orders are affirmed.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge STROUD concur.

Pseudonyms are used to protect the identities of the juveniles and for ease of reading.