IN RE REINHARDT

[121 N.C. App. 201 (1995)]

———————

IN THE MATTER OF: SAPHIRE ROSE REINHARDT

No. COA95-224

(Filed 19 December 1995)

1. Infants or Minors § 120 (NCI4th)— dependent and neglected child—diminished capacity of mother—sufficiency of evidence

Though the evidence was insufficient to support the finding of the trial court in a review hearing following a dependency determination that the mother of the minor child in question had a psychological problem, it was sufficient to support a finding that the mother had a diminished capacity which inhibited her

IN RE REINHARDT

[121 N.C. App. 201 (1995)]

from making appropriate decisions for the juvenile's care where such evidence tended to show that the mother was vulnerable to the influence of others and did not produce her own opinions, and she continued to live in a trailer which had the smell of kerosene, the very problem which gave rise to the original removal of the minor child from the home. N.C.G.S. § 7A-657(a)

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 45-51, 104.**

**Validity and application of statute allowing endangered child to be temporarily removed from parental custody. 38 ALR4th 756.**

2. **Infants or Minors § 121 (NCI4th)— efforts to reunite family—order to cease—no authority of trial court to enter**

The trial court was without authority to order that reasonable efforts to reunite the parents and a dependent and neglected minor child should cease. N.C.G.S. § 7A-657(e); N.C.G.S. § 7A-651(c)(2).

**Am Jur 2d, Infants § 16; Juvenile Courts and Delinquent and Dependent Children §§ 1-13, 50.**

Appeal by respondent from order entered 18 August 1994 in Burke County District Court by Judge Nancy L. Einstein. Heard in the Court of Appeals 16 November 1995.

*Stephen M. Schoeberle for petitioner-appellee Burke County Department of Social Services.*

*Russell R. Becker for respondent-appellant.*

GREENE, Judge.

Respondent mother Angela Reinhardt (mother) appeals a district court order providing for continued placement of her minor child Saphire Rose Reinhardt (minor child) with the Burke County Department of Social Services (DSS).

On 30 December 1993 DSS filed a petition alleging dependency of the minor child. DSS amended the petition on 5 January 1994 alleging neglect on the grounds that the minor child did "not receive proper care from her parents and live[d] in an environment injurious to her welfare."

**IN RE REINHARDT**

[121 N.C. App. 201 (1995)]

On 3 February 1994 Judge Nancy L. Einstein adjudged the minor child neglected and dependent, and ordered the minor child be placed in the custody of DSS. Regular periodic reviews of the placement, pursuant to N.C. Gen. Stat. § 7A-657, were conducted by the trial court, with the last review being held on 18 August 1994. At that hearing the trial court found as a fact that the mother "suffer[s] from diminished capacity and/or psychological problems which inhibit[s] [her] from making appropriate decisions for the juvenile's care." The trial court concluded that the "best interests of the juvenile would be served" by continuing custody with DSS. The trial court further concluded that all reasonable efforts to reunify the parents and child "shall cease."

The relevant evidence before the trial court, at the review hearing, reveals that, on 29 April 1994, the mother was evaluated by a psychologist who opined that there was not "any psychological evidence of psychopathology that would prevent [the mother] from being able to provide care for her infant daughter." He further stated that she was "rather naive and vulnerable to the influence of others . . . and tended to mirror her husband[']s volatile, verbal outrages." The mother was living in a trailer which had a "smell of a kerosene-like substance." The trailer was the same residence the mother occupied at the time the child was removed from the home, when it was discovered that there was a fuel leak "which caused the trailer to become saturated with fuel . . . [and] be a fire hazard." The mother has refused to find other housing, although assisted in this effort by DSS, on the grounds that she did not want to move from the area and there was nothing else available in that area.

---

The issues presented are whether (I) the evidence supports the finding that the mother suffers from diminished capacity and/or psychological problems; and (II) the trial court has authority to order that reasonable efforts to reunite the family cease.

I

[1] Once a child is removed from the custody of her parents because of abuse, neglect or dependency, the trial court is required to conduct periodic reviews of that placement. N.C.G.S. § 7A-657(a) (1989). At the review hearing, the child is to be returned to the parent(s) from whom custody was taken "if the trial court finds sufficient facts to show that the child 'will receive proper care and supervision' from the parent(s) . . . [and that] 'placement . . . is deemed to

be in the best interest of the [child].' " *In re Shue*, 311 N.C. 586, 596, 319 S.E.2d 567, 573 (1984). It remains the responsibility of the trial court to solicit the presentation of evidence that will enable it to make this determination, as neither the parent(s) or DSS has the burden of proof at this hearing. *In re Shue*, 311 N.C. at 597, 319 S.E.2d at 573.

Any findings entered by the trial court must be supported by competent evidence in the record. *In re Isenhour*, 101 N.C. App. 550, 553, 400 S.E.2d 71, 73 (1991). The evidence in this case does not support the finding of the trial court that the mother has a psychological problem. The evidence from the psychologist in fact supports a contrary finding. The evidence, however, can support a finding that the mother has a "diminished capacity . . . which inhibit[s] [her] from making appropriate decisions for the juvenile's care." It is not necessary, as the mother suggests, that there be evidence of mental retardation, mental illness, organic brain syndrome, or some other degenerative mental condition. Such evidence would be required in a termination of parental rights determination, where the termination is sought pursuant to subsection 7. *See* N.C.G.S. § 7A-289.32(7) (Supp. 1994) (requirements for termination of parental rights). The evidence is sufficient, in this section 657 review hearing, if it evinces a lack of "[a]bility to perform mentally" and that lack of ability impedes the mother's child care decisions. *Taber's Cyclopedic Medical Dictionary* 278 (16th ed. 1989) (defining capacity). In this record, there is evidence that the mother is "vulnerable to the influence of others" and does not "produce her own opinion[s]." Furthermore, she continues to live in a trailer that has the "smell of . . . kerosene," the very problem that gave rise to the original removal of the minor child from the home, and has resisted efforts of DSS to locate new housing.

## II

[2] DSS has an affirmative statutory obligation to make reasonable efforts "to prevent or eliminate the need for placement of the juvenile in foster care." N.C.G.S. § 7A-657(e); N.C.G.S. § 7A-651(c)(2) (Supp. 1994); *see* 42 U.S.C.A. § 671(a) (West 1995). The statutes do not permit the trial court to relieve DSS of this duty and indeed at each review hearing, the trial court is required to make findings as to the efforts of DSS to reunify the family. N.C.G.S. § 7A-657(e); N.C.G.S. § 7A-651(c)(2). Accordingly, the directive attempting to relieve DSS of its obligation to make reasonable efforts to reunite the family must be eliminated from the 18 August 1994 order. At the next review hearing,

the trial judge may properly evaluate the reasonableness of the efforts by DSS in light of the needs of the parents and their responsiveness to the efforts.

Modified and affirmed.

Judges MARTIN, Mark D., and McGEE concur.