IN THE MATTER OF: CHRISTOPHER BRAKE

No. 29PA97

(Filed 7 November 1997)

**Infants or Minors § 121 (NCI4th)— abused child—order authorizing action to terminate parental rights—ceasing efforts to reunite family**

The trial court had the authority to permit a county DSS to cease efforts to reunite an abused and neglected juvenile with his parents as part of its order authorizing the DSS to initiate an action to terminate parental rights.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 45 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals, 125 N.C. App. 211, 480 S.E.2d 61 (1997), reversing an order entered by Allen (Claude W., Jr.), J., on 4 December 1995 in District Court, Vance County. Heard in the Supreme Court 8 September 1997.

*Jeffery L. Jenkins for petitioner-appellant Vance County Department of Social Services.*

*Melissa C. Lemmond, attorney advocate for petitioner-appellant juvenile, Christopher Brake.*

*Paul J. Stainback for respondent-appellee mother, Tammy West.*

MITCHELL, Chief Justice.

The question presented for review is whether the trial court had the authority to permit the Vance County Department of Social Services (hereinafter "DSS") to cease efforts to reunite a juvenile with his parents as part of its order authorizing DSS to initiate an action to terminate parental rights. We conclude that the trial court had such authority and reverse the unpublished decision of the Court of Appeals which held to the contrary.

In an order filed 24 May 1994 in the District Court, Vance County, the minor child, Christopher Brake, who was then five years old, was adjudicated an abused and neglected juvenile. He was removed from the legal and physical custody of his mother, respondent

Tammy West. He was placed into nonsecure custody with DSS. Periodic reviews of the juvenile's placement were conducted pursuant to N.C.G.S. § 7A-657. At a review hearing on 5 July 1995, the trial court entered an order finding that the juvenile's mother had failed to comply with previous court orders. The order also directed that "efforts to reunite [the juvenile] with his mother . . . may be CEASED, and a termination of parental rights action may be filed by [DSS], pursuant to N.C.G.S. [§] 7A-657(c) and 42 U.S.C. 671 and 675." The order also directed that visits between the juvenile and his mother be discontinued.

Respondent mother filed a motion seeking relief, pursuant to Rule 60(b) of the Rules of Civil Procedure, from the 5 July 1995 order of the trial court and alleging that the order was void. The trial court denied the motion, and respondent mother appealed. The Court of Appeals concluded that the trial court did not have the authority to permit DSS to discontinue efforts to reconcile the juvenile and his mother and reversed the order of the trial court denying respondent mother's Rule 60(b) motion. The Court of Appeals based its decision upon the authority of *In re Reinhardt*, 121 N.C. App. 201, 464 S.E.2d 698 (1995). This Court allowed DSS's petition for discretionary review.

DSS contends that the trial court did have the authority to allow DSS to cease efforts to achieve a reconciliation of the juvenile and his mother in the present case. We agree. The cessation of reunification efforts is a natural and appropriate result of a court's order initiating a termination of parental rights.

In *Reinhardt*, the Court of Appeals concluded:

> DSS has an affirmative statutory obligation to make reasonable efforts "to prevent or eliminate the need for placement of the juvenile in foster care." N.C.G.S. § 7A-657(e); N.C.G.S. § 7A-651(c)(2) (Supp. 1994); *see* 42 U.S.C.A. § 671(a) (West 1995). The statutes do not permit the trial court to relieve DSS of this duty and indeed at each review hearing, the trial court is required to make findings as to the efforts of DSS to reunify the family. N.C.G.S. § 7A-657(e); N.C.G.S. § 7A-651(c)(2). Accordingly, the directive attempting to relieve DSS of its obligation to make reasonable efforts to reunite the family must be eliminated. . . .

*In re Reinhardt*, 121 N.C. App. at 204, 464 S.E.2d at 701. We do not agree with this analysis. Instead, we conclude that nothing in the

**IN RE BRAKE**

[347 N.C. 339 (1997)]

North Carolina Juvenile Code (N.C.G.S. ch. 7A, subchapter XI (1995 & Supp. 1996)) precluded the trial court from specifying in its order in this case that DSS "may" cease reconciliation efforts.

We conclude that the legislature must have intended for the trial court to have the power to allow DSS to cease efforts to reunite the juvenile with his mother while it was pursuing efforts to terminate her parental rights. It would be a vain effort, at best, for a court to enter an order that had the effect of directing DSS to undertake to terminate the family unit while at the same time ordering that it continue its efforts to reunite the family. In fact, such an order would tend to be both internally inconsistent and self-contradictory.

This Court presumes that the legislature acted in accordance with reason and common sense, and that it did not intend an absurd result. *King v. Baldwin*, 276 N.C. 316, 172 S.E.2d 12 (1970). Also, when construing a statute, we always look to its purpose. *Id.* An underlying theme of the North Carolina Juvenile Code is for the trial court to serve the best interest of the child. *In re Shue*, 311 N.C. 586, 319 S.E.2d 567 (1984). Certainly, then, the trial court must be able to allow DSS to terminate reunification efforts if the court finds that it is in the child's best interest to do so. Any order of a trial court resulting in the commencement of steps to terminate parental rights carries with it by implication a finding that further efforts at reunification will be fruitless and will not be in the best interest of the child. We conclude that in such situations, it is appropriate for the trial court to specify in its order, as the trial court did in the present case, that efforts to reunite a child with its parents may be terminated. For these reasons, we expressly overrule *Reinhardt* to the extent that it holds to the contrary.

We note that an amendment to N.C.G.S. § 7A-577(h), effective 1 October 1997, provides that in orders entered after that date:

> If the court finds through written findings of fact that efforts to eliminate the need for placement of the juvenile in custody clearly would be futile or would be inconsistent with the juvenile's safety and need for a safe, permanent home within a reasonable period of time, then the court *shall specify in its order* that reunification efforts are not required or order that reunification efforts cease.

Act of Aug. 13, 1997, ch. 390, sec. 5, 1997 N.C. Sess. Laws ——, —— (amending law pertaining to custody and placement of juveniles).

This amendment, among other things, allows a trial court to specify in its order that reunification efforts *may* cease, which we have found proper in this case. N.C.G.S. § 7A-577(h) as rewritten by the amendment now allows the trial court to specify in appropriate cases that reunification efforts *must* cease.

For the foregoing reasons, we conclude that the order of the trial court denying the respondent mother's Rule 60(b) motion was proper and that the decision of the Court of Appeals to the contrary was in error. The decision of the Court of Appeals must be and is reversed.

REVERSED.