IN THE MATTER OF: J.N.S., A.L.M., J.N.S., T.A.S.

No. COA10-499

(Filed 2 November 2010)

**1. Appeal and Error— motion to dismiss appeal—timely notice of appeal—adjudication order**

Petitioner's motion to dismiss respondent's appeal from an order adjudicating her minor children neglected and dependent was denied. An order of disposition, and the adjudication order upon which it is based, become final orders which may be appealed from pursuant to N.C.G.S. § 7B-1001 when the disposition order is entered. Respondent timely appealed from the adjudication and disposition orders within 30 days of the entry of the disposition order.

**2. Child Abuse, Dependency, and Neglect— adjudication— consent order—no direct inquiry of respondent required— preservation of issue**

The trial court did not err by failing to directly inquire of respondent whether she assented to a consent order adjudicating her minor children neglected and dependent and instead relying on the assent of her attorney. Moreover, respondent failed to object to the entry of the consent order and did not preserve the issue for appeal.

IN RE J.N.S., A.L.M., J.N.S., T.A.S.

[207 N.C. App. 670 (2010)]

### 3. Child Abuse, Dependency, and Neglect— findings not supported by competent evidence—conclusions not supported by findings

The trial court's conclusions of law and ultimate disposition were not supported by the findings of fact and the disposition order was vacated. The trial court did not err in making findings of fact based on reports from the guardian *ad litem* and the Department of Social Services and those findings were supported by the evidence. However, the trial court's findings of fact based on statements made by the parties and other individuals who had not been duly sworn were not based on competent evidence.

### 4. Child Abuse, Dependency, and Neglect— dispostion order cessation of reunification efforts—inadequate findings

The trial court erred in an abuse, neglect, and dependency proceeding by ordering the Department of Social Services to file a petition to terminate respondent's parental rights, effectively determining that reunification efforts between respondent and her minor children should cease, without making the requisite findings of fact under N.C.G.S. § 7B-507.

Appeal by respondent-mother from orders entered 5 and 11 January 2010 by Judge K. Michelle Fletcher in Guilford County District Court. Heard in the Court of Appeals 29 September 2010.

*Guilford County Department of Social Services, by Mercedes O. Chut, for petitioner-appellee.*

*Smith, James, Rowlett & Cohen, L.L.P., by Margaret Rowlett, for Guardian ad Litem.*

*Richard E. Jester, for respondent-appellant mother.*

CALABRIA, Judge.

Respondent-mother appeals (1) the trial court's order adjudicating her minor children neglected and dependent; and (2) the trial court's order of disposition. We affirm in part and vacate and remand in part.

---

1. Pseudonyms have been used to protect the identities of the children.

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

## I. Background

Respondent-mother is the biological mother of four children, J.N.S. ("Jason"), A.L.M. ("Alice"), J.N.S. ("Janice"), and T.A.S. ("Tiffany") (collectively "the minor children").[1] R.S. has been judicially established as the father of Jason and is the putative father of Tiffany and Janice. M.M. is the putative father of Alice.[2]

Guilford County Department of Social Services ("DSS" or "petitioner") has been involved with respondent-mother since 2003. On 1 November 2003, DSS filed a juvenile petition alleging that Jason, respondent-mother's oldest child, was an abused and neglected juvenile. At the time, Jason was approximately two months old and had bruises on his forehead, bruises under his eyes, a scratch on his face, and several fractured ribs. Consequently, on 12 November 2003, Jason was adjudicated abused and neglected. R.S. was charged with felony child abuse of Jason and subsequently pled guilty to that charge on 25 August 2004. Respondent-mother then entered into a case plan with DSS and worked toward reunification with Jason. On 3 June 2005, the trial court found that respondent-mother had completed all conditions of reunification successfully and Jason was returned to the custody of respondent-mother.

Respondent-mother subsequently gave birth to Alice, Janice, and Tiffany. On 2 September 2009, DSS received an anonymous report that (1) the minor children played outside unsupervised; (2) there were domestic issues between M.M. and respondent-mother; (3) M.M. locked respondent-mother out of the house; (4) the children yelled and screamed inside while respondent-mother banged on the door to be let in; and (5) respondent-mother ultimately called the police to regain entry to her home.

During a subsequent investigation, DSS determined that M.M. was on probation for a strangulation offense against respondent-mother and that M.M. violated his probation by testing positive for marijuana. On 28 September 2009, DSS interviewed the minor children and learned that there was continued violence between M.M. and respondent-mother.

On 29 September 2009, DSS conducted a Team Decision Making Meeting ("TDM Meeting") with M.M. and respondent-mother regarding the domestic violence concerns that had arisen as a result of the

2. R.S. and M.M. are not parties to this appeal.

DSS investigation. At that meeting, DSS recommended that M.M. move out of respondent-mother's home and that respondent-mother and M.M. not have any contact in the minor children's presence. Following this TDM Meeting, respondent-mother reported, during a subsequent home visit by DSS on 9 October 2009, that M.M. and respondent-mother had been together twice in the ten days after the TDM Meeting. Additionally, M.M. was arrested on 10 October 2009 as a result of a 9 October 2009 domestic violence incident with respondent-mother. DSS held two more TDM Meetings regarding the minor children on 12 October and 20 October 2009. Following a recommendation from the 12 October 2009 TDM Meeting, the minor children were placed with their maternal grandparents. At the 20 October 2009 TDM Meeting, the maternal grandparents reported to DSS that they were overwhelmed caring for the minor children and would be unable to continue doing so.

On 21 October 2009, DSS filed a new juvenile petition alleging all four minor children were neglected and dependent juveniles. Specifically, DSS alleged that the minor children were neglected in that they lived in an environment injurious to their welfare, and that the minor children were dependent in that their parents were unable to provide for their care or supervision and lacked an appropriate alternative child care arrangement. As a result of the petition, the trial court placed the minor children in the nonsecure custody of DSS.

An adjudicatory hearing was held on 20 November 2009 in Guilford County District Court. At the hearing, the parties consented to the trial court adjudicating the minor children as neglected and dependent. The trial court continued disposition until 11 December 2009. Although the trial court announced its adjudication in open court on 20 November 2009, it did not enter its order adjudicating the minor children neglected and dependent juveniles until 5 January 2010.

After the dispositional hearing on 11 December 2009, the trial court announced an oral disposition. The trial court then entered its written disposition order on 11 January 2010. The minor children were ordered to remain in the legal and physical custody of DSS, and respondent-mother was granted one hour of visitation per week. Additionally, DSS was ordered to file a petition to terminate respondent-mother's parental rights. On 27 January 2010, respondent-mother filed notice of appeal from the disposition order. On 8 February 2010, respondent-mother filed an amended notice of appeal from the adjudication order and the disposition order.

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

## II. Notice of Appeal

**[1]** As an initial matter, we address the contention in petitioner's brief that respondent-mother failed to give timely notice of appeal from the trial court's adjudication order, and that as a result, this Court lacks subject-matter jurisdiction to hear respondent-mother's appeal of that order. "It is well established that '[f]ailure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed.' " *In re A.L.*, 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004) (quoting *In re Lynette H.*, 323 N.C. 598, 602, 374 S.E.2d 272, 274 (1988)). In juvenile cases, "notice of appeal shall be given in writing . . . and shall be made within 30 days after entry and service of the order[.]" N.C. Gen. Stat. § 7B-1001(b) (2009).

> Any party entitled by law to appeal from a trial court judgment or order rendered in a case involving . . . issues of juvenile dependency or juvenile abuse and/or neglect, appealable pursuant to N.C.G.S. § 7B-1001, may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all parties in the time and manner set out in Chapter 7B of the General Statutes of North Carolina.

N.C.R. App. P. 3.1(a) (2009). Pursuant to N.C. Gen. Stat. § 7B-1001(a), "appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed: . . . (3) [a]ny initial order of disposition and the adjudication order upon which it is based." N.C. Gen. Stat. § 7B-1001(a) (2009). Petitioner's argument is premised on an interpretation of N.C. Gen. Stat. § 7B-1001(a)(3) that would treat the trial court's adjudication and disposition orders as separate, final orders which would each require a separate and timely notice of appeal. In contrast, respondent-mother urges this Court to interpret § 7B-1001(a)(3) as treating the adjudication and disposition orders as conjunctive orders from which timely notice of appeal would be calculated from the entry of the disposition order. In order to determine the correct interpretation of N.C. Gen. Stat. § 7B-1001(a)(3), we examine the statutory procedure involved in abuse, neglect, or dependency proceedings.

An abuse, neglect, or dependency action "is commenced by the filing of a petition[.]" N.C. Gen. Stat. § 7B-405 (2009). "Just as a termination of parental rights proceeding involves a two stage process, so does a proceeding adjudicating whether a child is abused or neglected." *In re O.W.*, 164 N.C. App. 699, 701, 596 S.E.2d 851, 853

(2004). In the first phase of the proceedings, the district court conducts an adjudicatory hearing on the basis of the petition. "The adjudicatory hearing shall be a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition." N.C. Gen. Stat. § 7B-802 (2009). At the completion of the adjudicatory hearing,

> [i]f the court finds that the allegations in the petition have been proven by clear and convincing evidence, the court shall so state. If the court finds that the allegations have not been proven, the court shall dismiss the petition with prejudice, and if the juvenile is in nonsecure custody, the juvenile shall be released to the parent, guardian, custodian, or caretaker.
>
> . . .
>
> The adjudicatory order shall be in writing and shall contain appropriate findings of fact and conclusions of law. The order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the hearing.

N.C. Gen. Stat. § 7B-807 (2009). Thus, if the petitioner fails to prove the facts alleged in the petition, the trial court shall dismiss the petition and that order becomes the final order of the trial court. Such an order is appealable pursuant to N.C. Gen. Stat. § 7B-1001(a)(2), which permits appeals from "[a]ny order, including the involuntary dismissal of a petition, which in effect determines the action and prevents a judgment from which appeal might be taken. N.C. Gen. Stat. § 7B-1001(a)(2) (2009).

However, if the trial court finds that the allegations in the petition have been proven by clear and convincing evidence, the resulting adjudication order is not a final order, as our statutes then require the trial court to proceed to the second stage of abuse, neglect, or dependency proceedings, disposition.

> The dispositional hearing shall take place immediately following the adjudicatory hearing and shall be concluded within 30 days of the conclusion of the adjudicatory hearing. The dispositional hearing may be informal and the court may consider written reports or other evidence concerning the needs of the juvenile. The juvenile and the juvenile's parent, guardian, or custodian shall have the right to present evidence, and they may advise the court concerning the disposition they believe to be in the best interests of the juvenile. The court may consider any evidence,

including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition. The court may exclude the public from the hearing unless the juvenile moves that the hearing be open, which motion shall be granted.

N.C. Gen. Stat. § 7B-901 (2009). After the dispositional hearing is completed, N.C. Gen. Stat. § 7B-903 provides the trial court with a number of dispositional alternatives, "and the court may combine any of the applicable alternatives when the court finds the disposition to be in the best interests of the juvenile[.]" N.C. Gen. Stat. § 7B-903 (2009).

The dispositional order shall be in writing, signed, and entered no later than 30 days from the completion of the hearing, and shall contain appropriate findings of fact and conclusions of law. The court shall state with particularity, both orally and in the written order of disposition, the precise terms of the disposition including the kind, duration, and the person who is responsible for carrying out the disposition and the person or agency in whom custody is vested.

N.C. Gen. Stat. § 7B-905 (2009).

Although the adjudication and disposition orders are separate orders under our statutes, they are inexorably linked by the plain language of N.C. Gen. Stat. § 7B-1001(a)(3) and the procedure involved in neglect, abuse, or dependency proceedings. An adjudication order that determines a child is abused, neglected, or dependent necessarily requires the additional entry of a disposition order to address the child's underlying situation which led to the adjudication. Conversely, a disposition order cannot be entered without an initial adjudication of abuse, neglect, or dependency.

Adopting petitioner's proposed interpretation of N.C. Gen. Stat. § 7B-1001(a)(3) would cause significant problems for appeals from abuse, neglect, or dependency cases. If, as petitioner suggests, the adjudication order and the disposition order were separate, final orders which required separate notices of appeal, this Court would consistently be faced with independent, disjunctive appeals of related and dependent orders which were entered less than 60 days apart. Under such circumstances, this Court would be faced with the potential of reviewing a disposition order prior to an appellate deter-

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

mination of the validity of the adjudication order upon which it was based. Since the entry of a valid disposition order necessarily depends upon the entry of a valid adjudication order, it is simply illogical to construe N.C. Gen. Stat. § 7B-1001(a)(3) to allow separate and independent appeals of each of these orders. "In construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results." *State ex rel. Com'r of Ins. v. N.C. Auto. Rate Admin. Office*, 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978). In light of this rule of statutory interpretation, and construing the plain language of N.C. Gen. Stat. § 7B-1001(a)(3) and other provisions of Chapter 7B *in pari materia*, we determine that it is not until the disposition order is entered that both the initial order of disposition and the adjudication order upon which it is based become final orders which may be appealed from pursuant to N.C. Gen. Stat. § 7B-1001. Thus, we interpret N.C. Gen. Stat. § 7B-1001 to require notice of appeal to be entered for any initial order of disposition and the adjudication order upon which it is based within 30 days of the entry of the disposition order.

In the instant case, the trial court entered its order adjudicating the minor children neglected and dependent on 5 January 2010. The adjudication order was served by depositing a copy in the United States mail on 5 January 2010 to respondent-mother. The trial court then entered its disposition order on 11 January 2010. The disposition order was served on respondent-mother by depositing a copy in the United States mail on 11 January 2010. Accordingly, the deadline for filing notice of appeal from the trial court's adjudication order and the disposition order was 10 February 2010. On 27 January 2010, respondent-mother timely filed notice of appeal from the 11 January 2010 disposition order only. On 8 February 2010, respondent-mother filed an amended notice of appeal, referencing both the adjudication and disposition orders. Since this amended notice of appeal was filed within 30 days of the entry of the disposition order, respondent-mother's appeal of both the adjudication order and the disposition order are properly before this Court.

## III. Adjudication Order

[2] Respondent-mother argues the trial court erred by not directly inquiring whether she assented to the consent order and instead relying on the assent of her attorney. Respondent-mother contends that

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

prior to entering into a consent order in abuse, neglect or dependency cases, the trial court may not rely on the statements of counsel, but instead is constitutionally required to specifically obtain, on the record, the consent of the juveniles' parents named in the petition in order to enter a consent order regarding abuse, neglect, or dependency. We disagree.

> Nothing in this Article precludes the court from entering a consent order or judgment on a petition for abuse, neglect, or dependency when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court.

N.C. Gen. Stat. § 7B-902 (2009). In the instant case, respondent-mother's attorney consented, on the record, to an adjudication of neglect and dependency. The record also indicates that respondent-mother's attorney drafted a proposed consent order which became most of the actual consent adjudication order. There is no evidence in the record that respondent-mother objected to the entry of this consent order.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2009). "Moreover, it is well settled that a constitutional issue not raised in the lower court will not be considered for the first time on appeal." *In re S.C.R.,* —— N.C. App. ——, ——, 679 S.E.2d 905, 908 (2009). Since respondent-mother did not object to the entry of the consent adjudication order or the stipulations contained in the order, she has not preserved this issue for appellate review. Respondent-mother's argument is overruled.

### IV. Disposition Order

[3] Respondent-mother argues the trial court erred in entering its disposition order without taking sufficient evidence to support the trial court's findings of fact. While we disagree with respondent-mother's argument that the trial court's findings which were based upon the DSS and guardian *ad litem* reports were unsupported, we agree that the disposition order contains some findings of fact which were not supported by competent evidence.

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

Respondent-mother contends that the trial court erred by making findings of fact based upon DSS and guardian *ad litem* reports. The dispositional hearing following an abuse, neglect, or dependency adjudication "may be informal and the court may consider written reports or other evidence concerning the needs of the juvenile." N.C. Gen. Stat. § 7B-901 (2009). In dispositional hearings, "trial courts may properly consider all written reports and materials submitted in connection with said proceedings." *In re Ivey*, 156 N.C. App. 398, 402, 576 S.E.2d 386, 390 (2003) (internal quotation omitted). Thus, at a dispositional hearing, "[a] trial court may consider written reports and make findings based on these reports so long as it does not 'broadly incorporate these written reports from outside sources as its findings of fact.'" *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007) (quoting *In re J.S.*, 165 N.C. App. 509, 511, 598 S.E.2d 658, 660 (2004)).

In the instant case, the trial court received and reviewed reports from both the guardian *ad litem* and DSS. However, the trial court did not state in the disposition order that it was merely incorporating the DSS and guardian *ad litem* reports as its findings of fact. Rather, the trial court made independent findings of facts based upon the information contained in the reports which the trial court deemed credible. Since the use of these reports as evidence is permitted by N.C. Gen. Stat. § 7B-901, these reports provided sufficient evidence to support many of the findings of fact in the disposition order. *See In re M.J.G.*, 168 N.C. App. 638, 648-49, 608 S.E.2d 813, 819 (2005) ("Based upon this Court's holding in *In re Ivey* and N.C. Gen. Stat. § 7B-901, we conclude the trial court did not erroneously consider the DSS and guardian *ad litem* reports in making its disposition.").

However, the trial court's order also contains numerous findings that include information not contained in either the DSS or guardian *ad litem* reports. During the dispositional hearing, the trial court addressed various parties and family members, but none of these individuals were ever placed under oath when they provided information to the trial court. Our statutes make clear that the dispositional hearing is an informal hearing "in which the formal rules of evidence do not apply." *M.J.G.*, 168 N.C. App. at 648, 608 S.E.2d at 819. Nonetheless, we do not believe that this informality excuses the necessity of having evidence which is based upon sworn testimony if the trial court chooses to rely on information obtained from individuals in addition to reports submitted to the court. Thus, we conclude that the trial court's findings which were based upon statements made by the parties and other individuals who had not been duly sworn were not based upon competent

evidence. The remaining findings contained in the order do not adequately support the trial court's conclusions of law and ultimate disposition. Accordingly, we vacate the trial court's Continued Dispositional Order entered 11 January 2010 and remand for further proceedings.

[4] B. Cessation of Reunification

[4] Respondent-mother additionally argues that, in its disposition order, the trial court ordered the cessation of reunification efforts with the minor children without making the findings required by N.C. Gen. Stat. § 7B-507. We agree.

When a trial court enters "[a]n order placing or continuing the placement of a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, a dispositional order, or a review order[,]" it is required to include in its order, *inter alia*, "findings as to whether a county department of social services should continue to make reasonable efforts to prevent or eliminate the need for placement of the juvenile, unless the court has previously determined or determines under subsection (b) of this section that such efforts are not required or shall cease[.]" N.C. Gen. Stat. § 7B-507(a) (2009).

In the instant case, the disposition order does not explicitly cease reunification efforts. Instead, the order simply directs DSS to "proceed with filing a petition to terminate the parental rights of [respondent-mother] . . . ." However, since the disposition order ordered legal and physical custody of the minor children to remain with DSS, the trial court was required by N.C. Gen. Stat. § 7B-507(a) to either find that reasonable efforts at reunification should continue or find that such efforts should cease and make the additional findings required by N.C. Gen. Stat. § 7B-507(b).

Although the trial court failed to make any findings regarding reasonable efforts at reunification, the language of the disposition order indicates that the trial court effectively determined that reunification efforts between respondent-mother and the minor children should cease when it ordered DSS to file a petition to terminate respondent-mother's parental rights. As our Supreme Court has stated, "[t]he cessation of reunification efforts is a natural and appropriate result of a court's order initiating a termination of parental rights." *In re Brake*, 347 N.C. 339, 340, 493 S.E.2d 418, 419 (1997). The *Brake* Court stressed that

**IN RE J.N.S., A.L.M., J.N.S., T.A.S.**

[207 N.C. App. 670 (2010)]

[i]t would be a vain effort, at best, for a court to enter an order that had the effect of directing DSS to undertake to terminate the family unit while at the same time ordering that it continue its efforts to reunite the family. In fact, *such an order would tend to be both internally inconsistent and self-contradictory.*

*Id.* at 341, 493 S.E.2d at 420 (emphasis added). Accordingly, the trial court's directive to DSS to file a petition to terminate respondent-mother's parental rights implicitly also directed DSS to cease reasonable efforts at reunification.[3]

In any order placing a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, a dispositional order, or a review order, the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court makes written findings of fact that:

(1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time;

(2) A court of competent jurisdiction has determined that the parent has subjected the child to aggravated circumstances as defined in G.S. 7B-101;

(3) A court of competent jurisdiction has terminated involuntarily the parental rights of the parent to another child of the parent; or

(4) A court of competent jurisdiction has determined that: the parent has committed murder or voluntary manslaughter of another child of the parent; has aided, abetted, attempted, conspired, or solicited to commit murder or voluntary manslaughter of the child or another child of the parent; or has committed a felony assault resulting in serious bodily injury to the child or another child of the parent.

---

3. We are concerned about whether the trial court had the authority to establish a permanent plan for the minor children in the disposition order based on this Court's decision in *In re D.C., C.C.,* 183 N.C. App. 344, 644 S.E.2d 640 (2007). In *D.C.,* this Court reversed an order that awarded guardianship of two minor children in a disposition order that followed an adjudication of the minor children as neglected. *Id.* at 356, 644 S.E.2d at 647. The *D.C.* Court held that "N.C. Gen. Stat. §§ 7B-507 and 907 do not permit the trial court to enter a permanent plan for a juvenile during disposition. . . ." *Id.,* 644 S.E.2d at 646-47. However, respondent-mother does not argue that the holding of *D.C.* applies to the instant case.

N.C. Gen. Stat. § 7B-507(b) (2009). The disposition order does not contain the findings required by this statute. Thus, we additionally remand this case for further findings of fact pursuant to N.C. Gen. Stat. § 7B-507(b).

### V. Conclusion

The record on appeal contains additional proposed issues on appeal not argued by respondent-mother in her brief. Pursuant to N.C.R. App. P. 28(b)(6) (2009), we deem these additional proposed issues abandoned and do not address them.

Notice of appeal for an adjudication order and its accompanying disposition order in an abuse, neglect, or dependency proceeding must be filed within 30 days of the entry of the disposition order. Since respondent-mother filed a notice of appeal for both orders within 30 days of the trial court's entry of the disposition order, her appeal as to both orders was properly before this Court.

The trial court properly entered the consent adjudication order, and that order is affirmed. However, the trial court erred by entering a disposition order which contained findings of fact that were not supported by competent evidence. Thus, we vacate the disposition order and remand the case to the trial court for further proceedings. It is within the trial court's discretion to allow additional evidence prior to making findings of fact and conclusions of law. *In re J.S.*, 165 N.C. App. at 514, 598 S.E.2d at 662 (citation omitted). Because the trial court's disposition order directed DSS to file a petition to terminate respondent-mother's parental rights, it implicitly ordered reasonable efforts at reunification between respondent-mother and the minor children to cease. As a result, on remand, the disposition order must contain the findings required by N.C. Gen. Stat. § 7B-507(b).

Affirmed in part; vacated and remanded in part.

Judges HUNTER, Robert C. and GEER concur.