**IN RE A.P.W.**

[225 N.C. App. 534 (2013)]

IN THE MATTER OF A.P.W., A.K.W., N.R.W.

No. COA12-807

Filed 19 February 2013

### 1. Appeal and Error—termination of parental rights—appeal properly taken

Respondent-mother properly and timely appealed from an order terminating her parental rights and therefore had the right to appeal the order changing the permanency planning order to adoption. Her notice of appeal correctly identified the orders from which appeal was taken, correctly identified the court to which appeal was taken, was properly signed by both respondent-mother and counsel, was properly served upon all parties, and was timely.

### 2. Appeal and Error—termination of parental rights—permanency planning order change—implicit cessation of reunification

Respondent-mother had the right to appeal orders terminating her parental rights and changing the permanency planning order to adoption where DSS argued that the order did not contain a finding ceasing reunification efforts, as required by statute. The trial court's order implicitly ceased reunification efforts.

### 3. Termination of Parental Rights—findings for ceasing reunification efforts—required

The trial court erred when changing a permanency planning order to adoption and terminating parental rights by not making the statutorily required findings for ceasing reunification efforts between respondent and her children. Although the order detailed respondent-mother's case history and her failure to complete her case plan, it did not contain any of the findings required by N.C.G.S. § 7B-507(b) and was remanded.

Appeal by respondent-mother from orders entered 21 June 2011 by Judge Margaret L. Sharpe and 2 April 2012 by Judge Angela Foster in Guilford County District Court. Heard in the Court of Appeals 29 January 2013.

*Mercedes O. Chut for Guilford County Department of Social Services.*

*W. Michael Spivey for respondent-appellant mother.*

*Smith, James, Rowlett & Cohen, L.L.P., by Margaret Rowlett, for guardian ad litem.*

HUNTER, ROBERT C., Judge.

Respondent-mother appeals from the trial court's 2 April 2012 order terminating her parental rights to A.P.W., A.K.W., and N.R.W. (the "juveniles"), as well as the trial court's 21 June 2011 permanency planning order which implicitly ceased reunification efforts with the juveniles. Because the trial court made insufficient findings of fact to support its order ceasing reunification efforts, we reverse both the order ceasing reunification efforts and the order terminating respondent-mother's parental rights, and we remand the case for further proceedings consistent with this opinion.

On 1 April 2010, the Guilford County Department of Social Services ("DSS") filed a petition alleging that the juveniles were neglected and dependent, based on the family's homelessness, domestic violence between the parents, and the parents' untreated mental illnesses. DSS was given nonsecure custody of the juveniles. In an order entered on 18 June 2010, the trial court adjudicated the juveniles dependent. In the disposition portion of the order, the trial court maintained custody with DSS and ordered the parents to comply with their case plans, which were entered into on 22 April 2010.

The matter came on for a permanency planning hearing on 18 May 2011. In a corresponding order entered 21 June 2011, the trial court changed the permanent plan from reunification to adoption and ordered DSS to proceed with the filing of a petition to terminate the parents' parental rights. At the hearing, respondent-mother reserved her right to appeal from the order.

On 27 June 2011, DSS filed a petition to terminate respondent-mother's parental rights to the children, based on the following grounds: (1) neglect; (2) willfully leaving the juveniles in foster care for more than twelve months without showing reasonable progress in correcting the conditions that led to removal; (3) willful failure to pay a reasonable portion of the cost of care for the juveniles; and (4) willful abandonment. *See* N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (7) (2011).

Following a hearing, the trial court entered an order on 2 April 2012 in which it found the existence of the following grounds for termination against respondent-mother: (1) neglect; (2) willfully leaving the juveniles in foster care for more than twelve months without showing reasonable progress in correcting the conditions that led to removal; and (3) willful failure to pay a reasonable portion of the cost of care for the juveniles.[1] The trial court also concluded that termination of respondent-mother's parental rights was in the juveniles' best interests. The trial court dismissed the willful abandonment claim against respondent-mother. Respondent-mother timely appealed from the order, along with the 21 June 2011 permanency planning order.

Respondent-mother's sole argument on appeal is that the trial court erred in changing the permanent plan to adoption and effectively ceasing reunification efforts without making findings of fact required by N.C. Gen. Stat. § 7B–507(b)(1).

[1] As a preliminary matter, both DSS and the guardian ad litem ("GAL") argue that respondent-mother's appeal should be dismissed. First, we address the GAL's argument. The GAL contends that respondent-mother has no right to appeal from the permanency planning order because the order terminating her parental rights was not properly appealed. The statute governing respondent-mother's appeal provides the following:

> (a) In a juvenile matter under this Subchapter, appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed:
>
> . . . .
>
> (5) An order entered under G.S. 7B-507(c) with rights to appeal properly preserved as provided in that subsection, as follows:
>
>> a.    The Court of Appeals shall review the order to cease reunification together with an appeal of the termination of parental rights order if all of the following apply:

---

1. The trial court also terminated the parental rights of the father of N.R.W. and A.K.W., but he is not a party to this appeal. The trial court noted that the father of A.P.W. had relinquished his parental rights and that the time for revocation of his relinquishment had expired.

1.    A motion or petition to terminate the parent's rights is heard and granted.

2.    The order terminating parental rights is appealed in a proper and timely manner.

3.    The order to cease reunification is identified as an issue in the record on appeal of the termination of parental rights.

N.C. Gen. Stat. § 7B-1001(a)(5)(a)(1)–(3) (2011). The GAL argues that respondent-mother's appeal from the order terminating parental rights was not proper because respondent-mother did not bring forward any issues on appeal related to the termination order. Therefore, the GAL argues, respondent-mother's appeal fails to comply with N.C. Gen. Stat. § 7B-1001(a)(5)(a)(2) and is subject to dismissal. We disagree.

The statutory subsection cited to by the GAL states that "[t]he order terminating parental rights is appealed in a *proper and timely manner.*" N.C. Gen. Stat. § 7B-1001(a)(5)(a)(2) (emphasis added). Under our juvenile code, N.C. Gen. Stat. § 7B-1001 and N.C.R. App. P. 3.1 govern how and when appeal is taken in such cases. In the instant case, respondent-mother's notice of appeal correctly identifies the orders from which appeal was taken, it correctly identifies the court to which appeal was taken, it was properly signed by both respondent-mother and counsel, and it was properly served upon all other parties. Additionally, respondent-mother's notice of appeal was filed within the time constraints contained in N.C. Gen. Stat. § 7B-1001(b). Therefore, we find that respondent-mother properly and timely appealed from the order terminating her parental rights, and we conclude that respondent-mother's appeal complies with N.C. Gen. Stat. § 7B-1001(a)(5)(a)(2). Accordingly, we reject the GAL's argument.

[2] Next, we turn to DSS's argument for dismissal. DSS disputes respondent-mother's claim that the 21 June 2011 permanency planning order ceased reunification efforts. DSS argues that because the order did not contain a finding ceasing reunification efforts, respondent-mother does not have a right to appeal the order pursuant to N.C. Gen. Stat. § 7B-1001(a)(5). Respondent-mother argues that the order, while not explicitly ceasing reunification efforts, implicitly did so by changing the permanent plan to adoption and ordering the filing of a petition to terminate parental rights. We agree with respondent-mother.

When a trial court enters "[a]n order placing or continuing the placement of a juvenile in the custody or placement responsibility of a county department of social services," the court's order is required to, *inter alia*, "contain findings as to whether a county department of social services should continue to make reasonable efforts to prevent or eliminate the need for placement of the juvenile, unless the court has previously determined or determines under subsection (b) of this section that such efforts are not required or shall cease[.]" N.C. Gen. Stat. 7B-507(a)(3) (2011).

In the instant case, the trial court found that custody of the juveniles should remain with DSS, concluded that the permanent plan for the children should be changed from reunification to adoption, and ordered DSS to proceed with filing a petition to terminate the parental rights of the parents. However, since the court ordered custody to remain with DSS, it was required by N.C. Gen. Stat. § 7B-507(a) to either find that reasonable efforts at reunification should continue or make additional findings required by N.C. Gen. Stat. § 7B-507(b) that reasonable reunification efforts should cease. It did neither.

However, contrary to DSS's assertion, the lack of a finding regarding cessation of reunification efforts does not warrant dismissal. In *In re J.N.S.*, 207 N.C. App. 670, 681, 704 S.E.2d 511, 518 (2010), we held that where a trial court failed to make any findings regarding reasonable efforts at reunification, the "trial court's directive to DSS to file a petition to terminate [a parent's] parental rights implicitly also directed DSS to cease reasonable efforts at reunification." We explained:

> Although the trial court failed to make any findings regarding reasonable efforts at reunification, the language of the disposition order indicates that the trial court effectively determined that reunification efforts between respondent-mother and the minor children should cease when it ordered DSS to file a petition to terminate respondent-mother's parental rights. As our Supreme Court has stated, "[t]he cessation of reunification efforts is a natural and appropriate result of a court's order initiating a termination of parental rights." The *Brake* Court stressed that
>
>> [i]t would be a vain effort, at best, for a court to enter an order that had the effect of directing DSS to undertake to terminate the family unit while at

the same time ordering that it continue its efforts to reunite the family. In fact, *such an order would tend to be both internally inconsistent and self-contradictory.*

*Id.* at 680-81, 704 S.E.2d at 518 (quoting *In re Brake,* 347 N.C. 339, 340-41, 493 S.E.2d 418, 419-20 (1997)) (internal citation omitted). As in *J.N.S.,* the trial court in the instant case directed DSS to file a petition to terminate parental rights. Moreover, the trial court here changed the permanent plan to adoption, and respondent-mother properly preserved her right to appeal the cessation of reunification efforts pursuant to N.C. Gen. Stat. § 7B-507(c). Based on the foregoing, we hold that the trial court's 21 June 2011 order implicitly ceased reunification efforts, and we reject DSS's argument for dismissal.[2]

[3] Therefore, we now turn to respondent-mother's argument that the trial court erred by failing to make necessary findings of fact pursuant to N.C. Gen. Stat. § 7B-507(b). We agree with respondent-mother. In order to cease reunification efforts with a parent, the trial court must comply with section 7B-507(b), which provides the following, in pertinent part:

> In any order placing a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, a dispositional order, or a review order, the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court makes written findings of fact that:

---

2. We note that the trial court held a subsequent permanency planning hearing on 7 December 2011, and entered a corresponding order on 30 December 2011. The 30 December 2011 order also failed to contain a finding regarding the cessation of reunification efforts. In the 30 December 2011 order, the trial court indicated that "[o]n October 5, 2011, the [c]ourt stayed the termination of parental rights hearing to allow the mother an opportunity to demonstrate her ability to consistently work her case plan and she has failed to do so." The trial court also found that DSS had made reasonable efforts toward reunification since the last hearing. At first blush, these findings might appear to lend support to DSS's argument that the trial court did not cease reunification efforts in the 21 June 2011 order. However, after reviewing the record as a whole, it appears that the trial court intended to cease reunification efforts in the 21 June 2011 order, but subsequently held that order in abeyance on 5 October 2011 in order to give respondent-mother another opportunity to work on her case plan. Although unusual, the trial court's actions on 5 October 2011 do not undo the trial court's cessation of reunification efforts on 21 June 2011.

> (1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]

N.C. Gen. Stat. § 7B–507(b) (2011). We have held that N.C. Gen. Stat. § 7B–507(b)(1) requires the trial court to "ultimately find . . . that: (1) attempted reunification efforts would be futile, or (2) reunification would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time." *In re I.R.C.*, ___ N.C. App. ___, ___, 714 S.E.2d 495, 498 (2011). In *I.R.C.*, we reversed and remanded the trial court's order ceasing reunification efforts where it failed to make the ultimate finding required by N.C. Gen. Stat. § 7B-507(b). *Id.* at ___, 714 S.E.2d at 499; *see J.N.S.*, 207 N.C. App. at 682, 704 S.E.2d at 519. Here, the trial court's order details respondent-mother's case history and her failure to complete her case plan, but it does not contain any of the findings required by statute.[3] Therefore, we must reverse the trial court's 21 June 2011 permanency planning order, which implicitly ceased reunification efforts, and the subsequent order terminating respondent-mother's parental rights and remand this case to the trial court for further proceedings. We reiterate to the trial court that an order ceasing reunification efforts must contain the ultimate findings mandated by N.C. Gen. Stat. § 7B-507(b).

Reversed and remanded.

Judges McCULLOUGH and DAVIS concur.

---

3. We again note the trial court's subsequent permanency planning order, entered on 30 December 2011, also failed to contain the requisite findings pursuant to N.C. Gen. Stat. § 7B-507(b)(1).