**IN RE P.D.R.**

[365 N.C. 533 (2012)]

IN THE MATTER OF: P.D.R., L.S.R., AND J.K.R., MINOR CHILDREN

No. 283PA11

(Filed 13 April 2012)

**1. Termination of Parental Rights— guardian ad litem—for parent—role at termination hearing**

　　The issue of whether the role of a guardian *ad litem* for a parent was one of substitution rather than assistance in a termination of parental rights hearing was remanded to the Court of Appeals.

**2. Termination of Parental Rights— waiver of counsel—adequate inquiry—criminal statute—not applicable**

　　The Court of Appeals erred in a termination of parental rights (TPR) case by concluding that the trial court erred by permitting respondent to waive counsel because the trial court failed to make adequate inquiry under N.C.G.S. § 15A-1242 or to determine otherwise whether respondent waived her right to counsel knowingly and intelligently. N.C.G.S. § 15A-1242, has no application to termination of parental rights proceedings.

　　On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 713 S.E.2d 60 (2012), vacating an order entered on 28 September 2010 by Judge Elizabeth T. Trosch in District Court, Mecklenburg County, and remanding the matter to the trial court. On 25 August 2011, the Supreme Court allowed respondent's conditional petition for discretionary review as to additional issues. Heard in the Supreme Court on 10 January 2012.

　　*Kathleen Marie Arundell for petitioner-appellant/appellee Mecklenburg County Department of Social Services, Youth and Family Services.*

　　*Richard Croutharmel for respondent-appellant/appellee mother.*

　　*Pamela Newell, Guardian ad Litem Appellate Counsel, on behalf of the minor children-appellees.*

TIMMONS-GOODSON, Justice.

　　The parental rights of respondent-mother to her three children were terminated after a trial in which she waived her right to counsel.

**IN RE P.D.R.**

[365 N.C. 533 (2012)]

The Court of Appeals concluded that the trial court abused its discretion by allowing respondent to waive counsel because the trial court failed to conduct an adequate inquiry under N.C.G.S. § 15A-1242. We hold that N.C.G.S. § 15A-1242 has no application in termination of parental rights ("TPR") proceedings. Accordingly, we reverse and remand to the Court of Appeals.

I

In October 2008 the Mecklenburg County Department of Social Services Division of Youth and Family Services ("petitioner") filed a juvenile petition asserting that respondent's three children were neglected and dependent. The trial court immediately entered a non-secure custody order placing the children in the custody of petitioner. The following February the trial court ordered respondent to undergo a mental health evaluation to determine her capacity to proceed with the neglect and dependency petition. Respondent failed to appear for the evaluation, however, and on 30 July 2009 the trial court appointed pursuant to Rule 17 of the Rules of Civil Procedure a Guardian ad Litem ("GAL") for her. *See also* N.C.G.S. § 7B-1101.1(c) (2008) ("[T]he court may appoint a guardian ad litem for a parent if the court determines that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest.").

In August 2009 the trial court adjudicated the children neglected and dependent. The trial court ordered the children to remain in the custody of petitioner and directed reunification with respondent, with a concurrent goal of adoption, as the plan of care for the children. At a permanency planning hearing in September 2009, the trial court found that respondent had made no progress toward reunification. As a result the trial court ceased reunification efforts and limited the permanent plan to adoption. During the September hearing, the court also found that respondent had yet to complete a mental health evaluation.

Petitioner filed a petition on 19 November 2009 to terminate respondent's parental rights based upon, *inter alia*, dependency and neglect. A Rule 17 GAL was again appointed to respondent at the TPR hearing. As the TPR hearing began on 13 May 2010, the trial court entertained a renewed motion from respondent's counsel to withdraw in light of respondent's consistent refusal to cooperate with counsel. When asked for her opinion on the motion, respondent's GAL stated, "I would leave that to the Court." Petitioner encouraged the trial court to deny the motion because the trial court deemed

IN RE P.D.R.

[365 N.C. 533 (2012)]

respondent incompetent to waive counsel at a prior hearing. Turning to respondent, the trial court inquired whether she understood the nature of the proceedings and her right to counsel.

> THE COURT: All right. Do you understand that because there has been a petition filed by the Department of Social Services seeking to terminate your parental rights to [P.D.R., L.S.R., and J.K.R.], you have the right to counsel? Do you understand that?

> [RESPONDENT]: Yes.

> THE COURT: All right. And do you understand that if you cannot afford to hire a lawyer you are entitled to a court-appointed lawyer; do you understand that?

> [RESPONDENT]: Yes, ma'am.

> . . . .

> THE COURT: Okay, do you [want] an attorney to represent you today during your trial to terminate your parental rights?

> [RESPONDENT]: No. I want to represent myself.

Without further inquiry, the trial court granted the motion of respondent's counsel to withdraw. Respondent, however, refused to sign a written waiver of counsel.

The TPR hearings thus began with the GAL present, but with respondent proceeding *pro se*. Two-thirds of the way through the testimony of petitioner's first witness, the trial court recessed for lunch. After lunch the GAL expressed to the trial court her concern that the trial court's competency inquiry of respondent before lunch was insufficient. The GAL explained that she did not believe respondent had "ever been explained the consequences of going pro se" or understand the trial process. The trial court then conducted a more in-depth inquiry of respondent to ensure she understood that the proceedings could result in the termination of her parental rights and that she has a right to appointed counsel. The trial court also explained that respondent could cross-examine witnesses presented by petitioner and present her case at the conclusion of petitioner's case. Satisfied that respondent was competent to waive counsel, the trial court permitted respondent to resume her case. Ultimately, the trial court entered an order in September 2010 terminating respondent's parental rights.

**IN RE P.D.R.**

[365 N.C. 533 (2012)]

At the Court of Appeals respondent argued that because mental health issues rendered her incompetent, the trial court erred by allowing respondent to waive counsel and represent herself. In support of this argument, respondent noted that her incompetency led the trial court to assign her a GAL and to maintain the GAL during the TPR hearing. Respondent also argued that the trial court failed to conduct an adequate inquiry into her competency and that it was inconsistent to permit respondent to waive counsel without also dismissing the GAL.

The Court of Appeals vacated the trial court's order and ordered a new termination hearing. *In re P.D.R.*, —— N.C. App. ——, ——, ——, 713 S.E.2d 60, 61, 66 (2012). Under N.C.G.S. § 15A-1242, the trial court in criminal proceedings must conduct a thorough inquiry and satisfy itself' that the defendant meets certain criteria before permitting the defendant to waive counsel. Citing that statute, the Court of Appeals held that the trial court here erred by permitting respondent to waive counsel because the trial court failed to comply with section 15A-1242 or to determine otherwise whether respondent waived her right to counsel knowingly and intelligently. *Id.* at ——, 713 S.E.2d at 65-66. The Court of Appeals also emphasized that the trial court failed to determine respondent's competency to represent herself. *Id.* at ——, 713 S.E.2d at 66-67. For these reasons the Court of Appeals vacated the trial court's order terminating respondent's parental rights and remanded the matter for a new termination hearing. *Id.* at ——, 713 S.E.2d at 67-68.

II

The parties present two issues on appeal: (1) whether the role of a GAL appointed for a parent in termination proceedings is one of assistance or substitution, and (2) whether the trial court erred by importing the requirements of N.C.G.S. § 15A-1242, a criminal statute, into TPR proceedings.

[1] On the first issue, both petitioner and respondent argue that the role of a GAL is one of substitution rather than assistance. They thus contend that the trial court was required to obtain approval of the GAL before permitting respondent to waive counsel. The parties disagree, however, whether the GAL consented to the waiver of counsel. Because both parties argued before the Court of Appeals that the decision to waive counsel fell to respondent, the Court of Appeals did not directly address the role of respondent's GAL. We remand this matter for the

IN RE P.D.R.

[365 N.C. 533 (2012)]

Court of Appeals, after full briefing, to decide whether the GAL's role here is one of assistance or substitution.

[2] Turning to the second issue, we consider the applicability of N.C.G.S. § 15A-1242 to TPR proceedings. Section 15A-1242, titled "Defendant's election to represent himself at trial," provides:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> > (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> >
> > (2) Understands and appreciates the consequences of this decision; and
> >
> > (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (2011). Applying section 15A-1242, the Court of Appeals evaluated the trial court's inquiry of respondent and its decision to permit respondent to waive counsel. Ultimately, the Court of Appeals concluded that the trial court did not comply with section 15A-1242. Respondent contends that a section 15A-1242 inquiry of a parent in TPR proceedings is proper only if the parent is competent and any appointed GAL is dismissed. If a parent is incompetent and represented by a GAL, respondent asserts the decision to waive counsel is for the GAL. Petitioner similarly contends that any inquiry of respondent was "superfluous" because the decision whether to waive counsel falls upon the GAL.

Whether section 15A-1242 applies to parents seeking to waive counsel in TPR proceedings is an issue of statutory interpretation, which we review de novo. See In re Ernst & Young, LLP, 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009) ("Questions of statutory interpretation are ultimately questions of law . . . and are reviewed de novo."). When interpreting a statute the paramount objective of the courts " 'is to ascertain the intent of the legislature and to carry out such intention to the fullest extent.' " Id. (citations omitted). The first step in determining legislative intent is to "look . . . to the language of the statute itself." Fowler v. Valencourt, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993) (citations omitted). "If the language used is clear and unam-

biguous, the Court . . . must apply the statute to give effect to the plain and definite meaning of the language." *Id.* (citations omitted).

The language of N.C.G.S. § 15A-1242 unambiguously indicates that the provisions of the statute apply in the criminal context and not in TPR proceedings. While section 15A-1242 specifically states that a "defendant" can waive counsel, a parent in termination proceedings is referred to as "respondent," not "defendant." In addition, the statute makes no mention of parents or termination proceedings. We also note that the legislature placed section 15A-1242 in N.C.G.S. Chapter 15A, which is titled "Criminal Procedure Act." If the legislature had intended for the standards articulated in section 15A-1242 to apply in the TPR context, the legislature could have included such language in Article 11 ("Termination of Parental Rights") of Chapter 7B ("Juvenile Code").

### III

For the above reasons, we hold that section 15A-1242 has no application to termination of parental rights proceedings. Accordingly, we reverse the Court of Appeals on this issue. We remand this case to the Court of Appeals to decide, after full briefing by the parties, whether the role of the GAL here is one of assistance or substitution.

REVERSED AND REMANDED.