IN THE MATTER OF P.D.R., L.S.R., J.K.R., MINOR CHILDREN

No. COA10-1519-2

Filed 18 December 2012

**Termination of Parental Rights—role of guardian ad litem— diminished capacity—incompetence—assistance—substitution**

The trial court erred in a termination of parental rights (TPR) proceeding by failing to determine whether respondent mother was incompetent or had diminished capacity and by failing to determine the role of respondent's appointed guardian *ad litem* (GAL). Rule 17(e) of the Rules of Civil Procedure, which addresses the duties of a GAL for an incompetent person, should apply if the parent is incompetent and the role of the GAL should be one of substitution. If, however, the parent has diminished capacity, N.C.G.S. § 7B-1101.1(e) should apply and the role of the GAL should be one of assistance. The trial court's TPR order was vacated and remanded.

Appeal by respondent from order entered 28 September 2010 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. This case was originally heard in the Court of Appeals 9 May 2011. Upon remand by order from the North Carolina Supreme Court filed 18 April 2012.

*Kathleen Marie Arundell for petitioner-appellee.*

*Richard Croutharmel for respondent-appellant.*

*Administrative Office of the Courts, by GAL Appellate Counsel Deana K. Fleming, for guardian ad litem.*

GEER, Judge.

In this Court's prior opinion, *In re P.D.R., L.S.R., J.K.R.*, 212 N.C. App. 326, 713 S.E.2d 60 (2011), *rev'd*, 365 N.C. 533, 723 S.E.2d 335 (2012), we addressed the sole question before us: Whether the trial court erred in allowing respondent mother to waive counsel and represent herself at the hearing on the petition to terminate her parental rights to her three minor children. After concluding that the trial court did not conduct a sufficient inquiry regarding respondent mother's competence to waive counsel and represent herself in the termination of parental rights ("TPR") hearing, we vacated the TPR

order and remanded for further proceedings. *Id.* at 336-37, 713 S.E.2d at 67-68. The Supreme Court, however, reversed that opinion and remanded to this Court with instructions "to decide, after full briefing by the parties, whether the role of the [guardian ad litem for respondent mother] here is one of assistance or substitution." *In re P.D.R., L.S.R., & J.K.R.*, 365 N.C. 533, 538, 723 S.E.2d 335, 338 (2012).

Respondent mother, petitioner Mecklenburg County Department of Social Services, Youth and Family Services ("YFS"), and the children's guardian ad litem ("GAL") all argue that the role of respondent mother's GAL was one of substitution. Based upon our review of the pertinent statutory provisions and this Court's prior opinions addressing this issue, we cannot agree with the parties that a parent's GAL, appointed pursuant to N.C. Gen. Stat. § 7B-1101.1 (2011), necessarily, in all cases, plays a substitutive role.

The trial court, when appointing a GAL for a parent must, as part of that decision, determine whether the GAL should function in a substitutive capacity or play a role of assistance to the parent. Because it does not appear from the record that the trial court made that determination in this case, we vacate the TPR order and remand for further proceedings consistent with this opinion.

## Facts

A full statement of the facts is set forth in this Court's prior opinion. The following facts are pertinent to the issue on remand from the Supreme Court. YFS filed a petition dated 6 October 2008 alleging that respondent mother's three children, then six months old, two years old, and ten years old, were neglected and dependent. In the Initial (7-Day) Order, filed 21 October 2008, the trial court appointed Evelyn Earnest to serve as respondent mother's GAL.

On 29 January 2009, the trial court entered an Order for Mental Examination, requiring respondent mother to submit to a mental examination at the Behavioral Health Center at Carolinas Medical Center-Randolph ("CMC-Randolph"). The order found that respondent mother had exhibited extreme impulse control problems or paranoia during visitation with the children, that she would not communicate with her attorney and GAL, and that she had orally moved to have her attorney and GAL released. The court released both the attorney and the GAL in accordance with respondent mother's request.

**IN RE P.D.R.**

[224 N.C. App. 460 (2012)]

On 11 February 2009, the trial court entered an Order for Forensic Evaluation with respect to respondent mother and one of the fathers of the children. The court directed the evaluator to answer the following questions: "What is each parent's current mental condition and are there any issues relating to [their] mental stability? Does each parent currently have the mental capacity to participate in, and assist her attorney with, child dependency proceedings?" The order provided that the evaluation was to be completed and delivered by 27 March 2009 so that the court could review the results at the 9 April 2009 hearing on YFS' amended petition.

The trial court appointed Christian Hoel as respondent mother's attorney and Mary Alice Dixon as respondent mother's GAL. However, the record contains a note written by respondent mother sometime prior to 9 April 2009 purportedly firing her attorney. In addition, in a letter dated 17 March 2009, a psychologist from CMC-Randolph informed the trial court that respondent mother had made no contact with them, and, therefore, the ordered forensic evaluation had been terminated.

On 9 April 2009, respondent mother requested that the court discharge her attorney and GAL. The trial court allowed both Mr. Hoel and Ms. Dixon to withdraw on 10 July 2009, noting that respondent mother "has insisted on proceeding Pro Se." However, in an order dated 30 July 2009, the trial court appointed Rhonda Wilson as respondent mother's GAL.

The trial court entered an order adjudicating the children neglected and dependent on 20 August 2009 and an amended order on 2 September 2009. In the amended order, the trial court found:

> The petition in this matter contains allegations of mental health issues and substance abuse. The mother has rejected two sets of capable, astute attorneys; each had more than sufficient ability to provide competent representation. The Court spent more than twenty minutes on July 10, 2009 discussing [respondent mother's] ability to represent herself. Over and over again, she has reiterated that she wants to represent herself and will not cooperate with any court-appointed attorneys. We have been struggling with this process since October 4, 2008 and are three months from needing to achieve permanence should the children be adjudicated neglected or dependent. However, the Court has not been able to

convince the mother to work with her attorneys so as to move this case forward and put herself in a position to have her children returned. The mother has refused to sign a waiver of counsel. However, she has stated under oath that she does not wish to have her current counsel or any other counsel assist her and wishes to represent herself. The Court has attempted to balance the mother's possible need for a guardian ad litem with her guardian having to face an uncooperative and openly hostile client. The mother's hostility made it impossible for her attorney or GAL to represent her. There is no clear guidance in this situation. Therefore, this Court has decided that the polar star in this matter is the best interests of the children. The children need this matter to be resolved and to get to permanence as soon as possible. This will best be achieved at this time by allowing the mother's requests to have her court-appointed attorney and GAL released. If this matter is appealed and remanded on this issue, the Court requests specific step by step instructions on how to proceed.

The court further noted that "[t]he mother is either very distrusting of the system or has acute paranoia. Based on the mother's present position, the Court has grave doubts that she could get her children back as she is not doing what is in her own best interests." The court then concluded: "Despite the mother's objections to the assistance of a GAL, a Rule 17 GAL appointment is necessary to ensure procedural safeguards for the mother."

DSS filed a petition to terminate respondent's parental rights on 19 November 2009. In an order dated 19 November 2009, the trial court re-appointed Christian Hoel as respondent mother's attorney and Ms. Wilson as respondent mother's GAL for the TPR proceedings.

Respondent mother, however, filed a *pro se* motion on 23 February 2010 seeking modification of the visitation order. In that motion, she stated: "I had no knowledge of this system[.] [T]hat's why it took so long to get this far[.] [N]o one took time to help [me] understand[.] I did my own research." In an order entered 18 March 2010 denying respondent mother's motion, the court found that "[t]he mother's conduct and behavior in court today was disjointed and hostile." The court also found that "[h]er visitation rights will not be restored, if ever, until she complies with the prior order of the Court

that she be evaluated at the Behavioral Health Center, shares the evaluation with all parties, and demonstrates she can control her emotions and conduct in court."

After hearings on 13 May and 18 June 2010, the trial court entered an order on 28 September 2010 terminating respondent mother's parental rights. During the termination hearing, Ms. Wilson continued to serve as respondent mother's GAL, although respondent mother's court-appointed counsel, Mr. Hoel, was allowed to withdraw based on respondent mother's request to represent herself. The TPR order found:

> That Mr. Christian Hoel had been previously appointed to represent [respondent mother] in the underlying abuse/ neglect/ and dependency proceeding regarding the above referenced juveniles. On 13 May 2010, Mr. Hoel moved in open court to withdraw as court appointed counsel for [respondent mother]. Mr. Hoel informed the Court that [respondent mother] refused to communicate with him regarding the pending termination hearing; that she exhibits hostile behavior towards Mr. Hoel, and that she does not want Mr. Hoel to represent her.

The court further found that respondent mother, "[a]fter extensive questioning by the Court," expressed "an unequivocal, informed and competent decision to waive her right to court appointed counsel." The court noted, however, that respondent mother refused to sign the waiver of counsel form.

Respondent mother appealed to this Court, and this Court vacated the trial court's order because the trial court had not adequately determined whether respondent mother was competent to waive counsel and to represent herself. 212 N.C. App. at 336-37, 713 S.E.2d at 67-68. In reaching this decision, because of the lack of guidance in the Juvenile Code, the Court relied upon statutes and precedents from the criminal context addressing the analogous issue of a criminal defendant's competence to waive counsel and proceed pro se, including N.C. Gen. Stat. § 15A-1242 (2011). 212 N.C. App. at 329-34, 713 S.E.2d at 63-66.

The Supreme Court granted discretionary review and reversed. 365 N.C. at 538, 723 S.E.2d at 336, 338. The Court stated that the parties presented two issues on appeal: "(1) whether the role of a GAL

**IN RE P.D.R.**

[224 N.C. App. 460 (2012)]

appointed for a parent in termination proceedings is one of assistance or substitution, and (2) whether the trial court erred by importing the requirements of N.C.G.S. § 15A-1242, a criminal statute, into TPR proceedings." *Id.* at 536, 723 S.E.2d at 337. The Court concluded as to the second issue that N.C. Gen. Stat. § 15A-1242 does not apply outside the criminal context to parents seeking to waive counsel in TPR proceedings. 365 N.C. at 538, 723 S.E.2d at 338. The Court did not further address respondent mother's competence to waive counsel and proceed pro se.

With respect to the first issue, the Court wrote:

> [B]oth petitioner and respondent argue that the role of a GAL is one of substitution rather than assistance. They thus contend that the trial court was required to obtain approval of the GAL before permitting respondent to waive counsel. The parties disagree, however, whether the GAL consented to the waiver of counsel. Because both parties argued before the Court of Appeals that the decision to waive counsel fell to respondent, the Court of Appeals did not directly address the role of respondent's GAL. We remand this matter for the Court of Appeals, after full briefing, to decide whether the GAL's role here is one of assistance or substitution.

*Id.* at 536-37, 723 S.E.2d at 337-38. That question is now before this Court for decision.

## Discussion

In their briefs filed on remand from our Supreme Court's decision, all parties argue that the role of a parent's GAL under N.C. Gen. Stat. § 7B-1101.1 is one of substitution rather than assistance. Respondent mother argues that the trial court therefore erred by allowing her to waive counsel and proceed pro se. For the following reasons, we do not agree with the parties' construction of the statute or their analysis of this Court's prior opinions on the issue of the role of a parent's GAL.

N.C. Gen. Stat. § 7B-1101.1(c), which governs the appointment of a GAL for an adult parent in a TPR proceeding, provides:

> On motion of any party or on the court's own motion, the court may appoint a guardian ad litem for a parent

in accordance with G.S. 1A-1, Rule 17 if the court deter- mines that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest. The parent's counsel shall not be appointed to serve as the guardian ad litem.

The statute's plain language thus provides that a court *may* appoint a GAL upon finding a "reasonable basis" for believing that the parent *either* (1) is incompetent, *or* (2) has diminished capacity and cannot adequately act in his or her own interest. *Id.* Any appointment of a GAL is required to be "in accordance with" Rule 17 of the Rules of Civil Procedure.

The statute goes on to provide in N.C. Gen. Stat. § 7B-1101.1(e) that

[g]uardians ad litem appointed under this section may engage in all of the following practices:

(1) Helping the parent to enter consent orders, if appropriate.

(2) Facilitating service of process on the parent.

(3) Assuring that necessary pleadings are filed.

(4) Assisting the parent and the parent's counsel, if requested by the parent's counsel, to ensure that the parent's procedural due process requirements are met.

This Court reasoned in *In re L.B.*, 187 N.C. App. 326, 329, 653 S.E.2d 240, 242 (2007), *aff'd per curiam*, 362 N.C. 507, 666 S.E.2d 751 (2008), that the duties enumerated in § 7B-1101.1(e) make "clear that the GAL's role is limited to one of assistance, not one of substitution."

However, at the time that *In re L.B.* was decided, N.C. Gen. Stat. § 7B-1101.1(c) did not specify that appointment of a GAL for a parent over the age of 18 must be in accordance with Rule 17. *See In re L.B.*, 187 N.C. App. at 330, 653 S.E.2d at 243 (in holding that GAL could not sign notice of appeal because role limited to assistance, noting that "[i]n its 2005 revisions to Chapter 7B, the General Assembly retained the requirement that the appointment of a GAL be in accordance with Rule 17 only when the parent is under the age of eighteen years"). N.C. Gen. Stat. § 7B-1101.1(c) was subsequently amended to include the reference to Rule 17.

## IN RE P.D.R.

Rule 17(b)(2) of the Rules of Civil Procedure addresses the appointment of a GAL for "incompetent persons" and provides that "[i]n actions . . . when any of the defendants are . . . *incompetent* persons, . . . they must defend . . . by guardian ad litem appointed as hereinafter provided . . . ." N.C.R. Civ. P. 17(b) (emphasis added). Rule 17(e) describes the role of a GAL appointed under the rule, providing that,

> [a]ny guardian ad litem appointed for any party pursuant to any of the provisions of this rule shall file and serve such pleadings as may be required within the times specified by these rules, unless extension of time is obtained. After the appointment of a guardian ad litem under any provision of this rule and after the service and filing of such pleadings as may be required by such guardian ad litem, the court may proceed to final judgment, order or decree against any party so represented as effectually and in the same manner as if said party had been under no legal disability, had been ascertained and in being, and had been present in court after legal notice in the action in which such final judgment, order or decree is entered.

Appointment of a GAL under Rule 17 for an incompetent person "will divest the parent of their fundamental right to conduct his or her litigation according to their own judgment and inclination." *In re J.A.A. & S.A.A.*, 175 N.C. App. 66, 71, 623 S.E.2d 45, 48 (2005).

We are thus left with a seeming conflict between N.C. Gen. Stat. § 7B-1101.1(e), which contemplates a role of assistance, and Rule 17, incorporated in N.C. Gen. Stat. § 7B-1101.1(c), which provides for a role of substitution. While the parties urge that the reference to Rule 17 requires that we hold that all GALs assume a role of substitution in TPR cases, such a construction of the statute would, in effect, render N.C. Gen. Stat. § 7B-1101.1(e) meaningless. It is well established that " '[a] statute must be construed, if possible, so as to give effect to every provision, it being presumed that the Legislature did not intend any of the statute's provisions to be surplusage.' " *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 216, 388 S.E.2d 134, 140 (1990) (quoting *Jolly v. Wright*, 300 N.C. 83, 86, 265 S.E.2d 135, 139 (1980), overruled on other grounds by *McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993)).

**IN RE P.D.R.**

[224 N.C. App. 460 (2012)]

We believe that both N.C. Gen. Stat. § 7B-1101.1(e) and Rule 17(e) can be given effect by focusing on the two separate prongs of N.C. Gen. Stat. § 7B-1101.1(c), with one authorizing appointment of a GAL if the parent is incompetent, while the second authorizing appointment of a GAL if the parent has diminished capacity. The extent of the parent's disability logically informs the role a GAL needs to play for the parent in a TPR proceeding.

Our General Assembly has defined an "incompetent adult" as

> an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition.

N.C. Gen. Stat. § 35A–1101(7) (2011). For incompetent persons, "[t]he essential purpose" of the appointment of a guardian "is to replace the individual's authority to make decisions with the authority of a guardian when the individual does not have adequate capacity to make such decisions." N.C. Gen. Stat. § 35A-1201(a)(3) (2011).

With respect to the "diminished capacity" prong, this Court has noted with respect to the identically-worded statute governing appointment of a GAL in abuse, neglect, and dependency proceedings:

> The phrase "diminished capacity," which appears in N.C.G.S. § 7B–602(c), is used primarily in the criminal law context and is defined as "[a]n impaired mental condition—short of insanity—that is caused by intoxication, trauma, or disease and that prevents a person from having the mental state necessary to be held responsible for a crime." Black's Law Dictionary 220 (8th ed. 2004). However, our Court has also defined "diminished capacity" in the juvenile context as a "lack of 'ability to perform mentally.' " *In re Reinhardt*, 121 N.C. App. 201, 204, 464 S.E.2d 698, 701 (1995) (quoting *Taber's Cyclopedic Medical Dictionary* 278 (16th ed. 1989)), *overruled on other grounds by In re Brake*, 347 N.C. 339, 493 S.E.2d 418 (1997).

*In re M.H.B.*, 192 N.C. App. 258, 262, 664 S.E.2d 583, 585-86 (2008). In other words, a person with diminished capacity is not incompetent,

but may have some limitations that impair their ability to function.

Given these distinctive prongs, we believe that the role of the GAL should be determined based on whether the trial court determines that the parent is incompetent or whether the trial court determines that the parent has diminished capacity and cannot adequately act in his or her own interest. Rule 17(e), which addresses the duties of a GAL for an incompetent person, should apply if the parent is incompetent—the role of the GAL should be one of substitution. On the other hand, if the parent has diminished capacity, N.C. Gen. Stat. § 7B-1101.1(e) should apply and the role of the GAL should be one of assistance.

This holding is consistent with this Court's opinion in *In re A.S.Y.*, 208 N.C. App. 530, 703 S.E.2d 797 (2010). In *In re A.S.Y.*, this Court held that once a GAL was appointed for a parent, "the requirements of Rule 17 applied to the termination proceedings." *Id.* at 540, 703 S.E.2d at 803. The Court noted:

> While N.C. Gen. Stat. § 7B–602(e) emphasizes that the primary role of the parent's GAL in a termination proceeding is to act as "a guardian of procedural due process for [the] parent, to assist in explaining and executing her rights," [*In* re] *Shepard*, 162 N.C. App. [215,] 227, 591 S.E.2d [1,] 9 [(2004),] this is not the sole role of the GAL. "[A] guardian ad litem is considered an officer of the court and as such has a duty to represent the party he is appointed to represent to the fullest extent feasible and to do all things necessary to secure a judgment favorable to such party." Alan D. Woodlief, Jr., *Shuford North Carolina Civil Practice and Procedure* § 17:20 (6th ed. 2003) (footnotes omitted). Thus, while in many cases the GAL may fulfill his or her duties in a termination proceeding by merely assisting the parent, at times it will be necessary for the GAL to take further action during the proceeding in order to represent the parent to the fullest extent feasible and to secure a judgment favorable to that parent.

*Id.* at 538-39, 703 S.E.2d at 802. In other words, the precise role of the GAL varies depending on the limitations of the parent.

As *In re A.S.Y.* holds, however, Rule 17 still controls in other respects. "Rule 17 contemplates active participation of a GAL in the proceedings for which the GAL is appointed." *Id.* at 538, 703 S.E.2d at

802. As a result, once a trial court determines, in its discretion, that a parent meets the requirements of N.C. Gen. Stat. § 7B-1101.1(c) and appoints the parent a GAL, "it [is] necessary for [the parent] to be represented by a GAL throughout the neglect and dependency and termination proceedings, as long as the conditions that necessitated the appointment of a GAL still exist[]." *In re A.S.Y.*, 208 N.C. App. at 539, 703 S.E.2d at 802. Further, "once a parent has been appointed a GAL according to Rule 17, the presence and participation of the GAL is necessary in order for the trial court to 'proceed to final judgment, order or decree against any party so represented. . . .' " *Id.* at 540, 703 S.E.2d at 803 (quoting N.C.R. Civ. P. 17(e)).

Accordingly, the trial court acting under N.C. Gen. Stat. § 7B-1101.1(c), must conduct a hearing in accordance with the procedures required under Rule 17 in order to determine whether there is a reasonable basis for believing that a parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest. If the court chooses to exercise its discretion to appoint a GAL under N.C. Gen. Stat. § 7B-1101.1(c), then the trial court must specify the prong under which it is proceeding, including findings of fact supporting its decision, and specify the role that the GAL should play, whether one of substitution or assistance.

In this case, the trial court appointed the GAL without benefit of the above analysis. There are indications in the record that the trial court was concerned about the competency of respondent mother, but because of respondent mother's lack of cooperation, there was no resolution of that issue. No mental health or forensic evaluation occurred. There are other indications in the record suggestive that the trial court believed that respondent mother suffered only a diminished capacity that could be adequately addressed through the assistance of a GAL. We cannot, however, resolve this issue on appeal.

We, therefore, vacate the TPR order and remand for a determination, in accordance with the above opinion, regarding respondent mother's need for a GAL and the proper role of that GAL. In the event that the trial court determines that respondent mother suffered only diminished capacity, then she was free to make her own decision whether to proceed pro se. Based on the Supreme Court's reversal of this Court's prior opinion, no further issue would remain regarding whether respondent mother was competent to waive counsel, and the trial court's TPR order could be reinstated. In the event, however, that the trial court determines that the GAL should have had a sub-

stitutive role, then the court would be required to conduct a new TPR hearing during which the GAL would act on behalf of respondent mother, making the decisions necessary to seek a result favorable to respondent mother.

Vacated and remanded.

Judges McGEE and ROBERT N. HUNTER, JR. concur.