An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-643

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

IN THE MATTER OF:

L.P.                                        Cumberland County
                                            No. 12 JA 222


Appeal by respondent-father from order entered 20 March 2013 by Judge Edward A. Pone in Cumberland County District Court. Heard in the Court of Appeals 10 December 2013.

> *Elizabeth Kennedy-Gurnee for petitioner-appellee, Cumberland County Department of Social Services.*
>
> *Beth A. Hall for guardian ad litem.*
>
> *Peter Wood for respondent-appellant, father.*


McCULLOUGH, Judge.


Respondent appeals from an order adjudicating his son, L.P., to be an abused and neglected juvenile, and continuing the custody of L.P. with the Cumberland County Department of Social Services ("DSS"). For the following reasons, we affirm.

Respondent and the mother are parents of L.P., born November 2011. On 17 April 2012, DSS filed a juvenile petition alleging that L.P. was an abused, dependent, neglected, and

seriously neglected child. DSS alleged that L.P. suffered serious injuries inconsistent with accidental trauma. DSS took nonsecure custody of L.P. and placed him with his maternal grandparents.

The trial court held a nonsecure custody hearing on 29 August 2012, during which respondent's attorney moved to have a guardian ad litem ("GAL") appointed for respondent pursuant to N.C. Gen. Stat. § 7B-602(c). In its nonsecure custody order, the trial court found that respondent's attorney had requested a GAL "as [respondent] has previously been diagnosed with Bi-Polar disorder and receives SSI for the same." The court found "it would be appropriate to appoint a Guardian ad Litem for the Respondent Father" and entered an order appointing a GAL on the day of the nonsecure hearing.

After holding another nonsecure custody hearing on 9 January 2013, the court entered an order finding that respondent's GAL had asked to withdraw because respondent "is able to effectively communicate with his counsel and understands the nature of these proceedings." By order filed 10 January 2013, the trial court allowed respondent's GAL to withdraw based upon the "judicial determination that GAL is no longer necessary."

The trial court held an adjudication and disposition hearing on 28 and 29 January 2013. By order filed 20 March 2013, the trial court adjudicated L.P. an abused and neglected juvenile. The trial court concluded that L.P. should remain in the custody of DSS and that respondent and the mother should have supervised visitation with L.P. Respondent appeals.

Respondent contends the trial court abused its discretion when it appointed and then later removed respondent's GAL without making sufficient findings. We disagree.

Appointment of a guardian ad litem for a parent is governed by N.C. Gen. Stat. § 7B-602(c), which provides:

> On motion of any party or on the court's own motion, the court may appoint a guardian ad litem for a parent in accordance with G.S. 1A-1, Rule 17, if the court determines that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest. The parent's counsel shall not be appointed to serve as the guardian ad litem.

N.C. Gen. Stat. § 7B-602(c) (2011)[1]. "Because N.C.G.S. § 7B-602(c) employs the term 'may,' a trial court's action pursuant

---

[1]We note that Session Law 2013-129, effective for all actions filed or pending on or after 1 October 2013, amends section 7B-602(c) such that appointment of a GAL is only for a parent who is incompetent. Because the adjudication order was filed in this matter before 1 October 2013, the effective date of Session Law 2013-129, this action was no longer pending. Therefore, the

to this statute is discretionary, and our review is limited to a determination of whether the trial court abused its discretion." *In re M.H.B.*, 192 N.C. App. 258, 261, 664 S.E.2d 583, 585 (2008) (citation omitted). "A trial court abuses its discretion when its decision is 'manifestly unsupported by reason.'" *Id.* (citation omitted).

Relying on this Court's decision in *In re A.Y.*, ___ N.C. App. ___, 737 S.E.2d 160, *disc. review denied,* ___ N.C. ___, 748 S.E.2d 539 (2013), respondent argues the trial court abused its discretion when it appointed and then removed the GAL for respondent-father without specifying the role of the GAL. In *A.Y.*, this Court applied the analysis set out in *In re P.D.R.*, ___ N.C. App. ___, 737 S.E.2d 152 (2012), which involved the role of a GAL for a termination of parental rights proceeding under N.C. Gen. Stat. § 7B-1101.1(c) (2011), to a juvenile petition proceeding under N.C. Gen. Stat. § 7B-602(c).

In *A.Y.*, this Court noted:

> In deciding whether to appoint a parental GAL, the court "must conduct a hearing in accordance with the procedures required under Rule 17 in order to determine whether there is a reasonable basis for believing that a parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest. If the

new language is not applicable to this appeal.

court chooses to exercise its discretion to appoint a GAL under N.C. Gen. Stat. § 7B-1101.1(c), then the trial court must specify the prong under which it is proceeding, including findings of fact supporting its decision, and specify the role that the GAL should play, whether one of substitution or assistance."

*A.Y.*, ___ N.C. App. at ___, 737 S.E.2d at 165 (quoting *P.D.R.*, __ N.C. App. at ___, 737 S.E.2d at 159). Respondent argues that the adjudication and disposition order should be vacated because the trial court did not specify whether the role of respondent's GAL was one of assistance or substitution. We are not persuaded by respondent's argument.

In its juvenile petition, DSS did not claim that respondent had mental health issues; however, counsel for respondent moved to have a GAL appointed at a nonsecure custody hearing. The trial court's nonsecure custody order contains the following finding of fact pertinent to the issue of appointment of a GAL:

> 13.  Attorney Nelson made an oral motion requesting that a Guardian ad Litem be appointed to the Respondent Father inasmuch as he has previously been diagnosed with Bi-Polar disorder and receives SSI for the same. The Court finds that it would be appropriate to appoint a Guardian ad Litem for the Respondent Father and appointed Attorney Mona Burke to serve as the Guardian ad Litem for the Respondent Father in this matter.

Respondent is correct that the finding of fact does not specifically state the role of attorney Burke. However, similar to the court in *A.Y.,* the court here did not "have the benefit of our decision in *In re P.D.R.,* so it did not specify whether it was acting under the incompetence prong or the diminished capacity prong." *Id.* at ___, 737 S.E.2d at 166. Nevertheless, even if the court were required to specify the prong and the GAL's role pursuant to *A.Y.* and *P.D.R.,* we find no reversible error because the trial court ultimately found that neither prong applied and entered an order in January 2013 allowing the GAL to withdraw. The January 2013 nonsecure custody order contains the following finding of fact:

> 13. Attorney Burke was initially appointed as Guardian ad Litem for the Respondent Father inasmuch as the Respondent Father receives Social Security benefits for a previous diagnosis of Bi-Polar. He is not currently prescribed any medication. Attorney Burke requested that she be allowed to withdraw as Guardian ad Litem for the Respondent Father inasmuch as the Respondent Father is able to effectively communicate with his counsel and understands the nature of these proceedings. After conversation with the Respondent Father, the Respondent Father's counsel and Respondent Father's Guardian ad Litem, the Court determined that it was not necessary for the Respondent Father to have a Guardian ad Litem and allowed Attorney Burke's motion to withdraw.

Because the trial court allowed the GAL to withdraw, the court's failure to determine the role of the GAL when appointing the GAL is irrelevant to the trial court's adjudication of L.P. Accordingly, we conclude respondent's argument is without merit.

Respondent also asserts the trial court failed to make a sufficient inquiry when it allowed the GAL to withdraw. Our review is limited because respondent has not provided this Court with a transcript of the January 2013 nonsecure hearing in which the GAL moved to withdraw. The court's finding of fact 13, however, shows that before allowing respondent's GAL to withdraw, the trial court heard from respondent's GAL who had worked with respondent since August 2012, respondent's attorney who had represented respondent throughout the case, and from respondent himself. Based upon the trial court's finding of fact, we conclude that the trial court conducted a sufficient inquiry to determine whether a GAL was necessary for respondent. We conclude that the trial court's decision to appoint and then allow the guardian ad litem to withdraw was not arbitrary or manifestly unsupported by reason. Accordingly, the trial court's order adjudicating L.P. an abused and neglected juvenile is affirmed.

Affirmed.

Judges McGEE and DILLON concur.

Report per Rule 30(e).